121 So.2d 440 (1960)
Easter SMITH, As Administratrix of the Estate of Odell Smith, Deceased, Appellant,
v.
CITY OF DAYTONA BEACH, Florida, a Municipal Corporation, Etc., et al., Appellees.
Boysie SMITH, Appellant,
v.
CITY OF DAYTONA BEACH, Florida, a Municipal Corporation, Etc., et al., Appellees.
Nos. B-46, B-47.
District Court of Appeal of Florida. First District.
June 7, 1960.
*441 Raymond, Wilson, Karl & Fink, Daytona Beach, for appellants.
Alfred A. Green; and Cobb, Cole & Pierce, Daytona Beach, for appellees.
CARROLL, DONALD, Judge.
Consolidated appeals have been taken by the plaintiffs from summary judgments entered against them by the Circuit Court for Volusia County in two actions for the wrongful death of a boy two years and eleven months old.
The first action was brought by the appellant Boysie Smith as the boy's father for damages suffered by him and his wife, Easter Smith, mother of the deceased boy. The second action was brought by Easter Smith in her capacity as the administratrix of her son's estate. In both cases the defendants were the City of Daytona Beach and Bumby & Stimpson, Inc., a corporate contractor. The allegations of negligence and proximate cause were similar in the two complaints.
Before the trial court at the hearings on the defendants' motions for summary judgment in the two cases were affidavits and depositions which established the following factual situation: On August 8, 1957, Odell Smith, the son of Boysie and Easter Smith, was drowned in a water-filled excavation in Niles Street near his home in Daytona Beach. Pursuant to a sewer installation contract with the defendant City of Daytona Beach, the defendant Bumby & Stimpson, Inc., had dug a ditch along the full length of the said street, on which Odell resided with his parents, Boysie and Easter Smith, and his grandmother, Mattie Brown. In the course of the operation of lowering *442 the water table so that manholes could be dug, the contractor caused the ditch to fill with water to a depth of three feet in one area. Odell was allowed to wander unattended into this area and he somehow was drowned. The city had closed Niles Street at each end and, together with the contractor, had provided other means of access to the houses thereon, but the hole itself was left unguarded and without a barricade or other protective or warning device.
In the summary judgments the trial court did not pass upon the question of the negligence of the contractor nor the extent of the city's duty to protect children from injury on the closed street, but did hold in each case that the testimony in the depositions of the parents and grandmother of the deceased child showed that there was, as a matter of law, contributory negligence on the part of Mattie Brown proximately contributing to his death, which negligence was attributable to each plaintiff and barred each plaintiff from recovery. These depositions, as the trial court held in the summary judgments, showed that Boysie and Easter Smith had entrusted Mattie Brown, Easter's mother and Odell's grandmother, with the boy's custody; that Easter paid her mother $5 a week to care for Odell and three of her and Boysie's other children while she was at work; that Boysie knew of and approved this arrangement; that Mattie Brown knew of the existence, proximity, and danger of the hole, and had been warned by Easter to keep the child away from it, but nevertheless habitually allowed the child to play in the yard adjacent to the hole without warning him of it; and that at the time of the accident she was in the back of the house ironing, with the knowledge and belief that the child was in that dangerous area. The judge then concluded that Mattie was guilty of contributory negligence as a matter of law, that such negligence contributed to Odell's death and was attributable to each plaintiff, thus barring recovery in each case.
Numerous questions are presented in these consolidated appeals. A discussion of them all in any depth would require the writing of a voluminous treatise on torts.
The questions involved in proving a prima facie case for plaintiff in those cases are: whether Boysie and Easter Smith were husband and wife through a commonlaw marriage and, if so, whether Boysie had a right of action under the wrongful death statute of Florida, F.S.A. § 768.01 et seq.; whether either or both of the defendants were guilty of negligence; and whether such negligence proximately caused the death of Odell Smith. We have examined the depositions and affidavits before the trial court on the motions of the defendants for summary judgment and find therein sufficient competent, substantial evidence from which a jury could lawfully find in favor of the plaintiffs as to all of these questions.
If the jury so found, before the plaintiff in each case could be barred from recovery under a defense of contributory negligence, the proof must include evidence from which the jury could lawfully find: (a) contributory negligence (b) attributable to the plaintiff (c) proximately contributing to the death of Odell. In our opinion, the jury could have lawfully inferred from the evidence that contributory negligence of Mattie Brown met these three requirements. On the other hand, we are of the opinion that the jury could also have lawfully inferred that one or more of the three essential requirements were not met, so that the actions would not be barred by Mattie's contributory negligence.
Under these circumstances a trial court is without authority to hold as a matter of law that contributory negligence barred recovery in the two actions and then to enter a summary judgment for the defendants. That court could not in a summary judgment proceeding properly draw its own inference and then regard its conclusion *443 as a question of law for its sole determination.
Rule 1.36(c) of the Florida Rules of Civil Procedure, 30 F.S.A., provides in pertinent part that a summary judgment or decree sought by the appropriate motion should be rendered forthwith if the pleadings, depositions and admissions on file, together with affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."
It should be emphasized that under the quoted rule a summary judgment may be entered only if both of the following conditions prevail:
(1) There exists no genuine issue as to any material fact; and
(2) The moving party is entitled to a judgment as a matter of law.
Our conclusion is that the summary judgments were entered without complying with either of these two conditions. The whole case should have been allowed to proceed to a trial and the evidence, including that relating to the question of contributory negligence, submitted to the jury under proper instructions for the jury's determination of the factual issues.
The mere fact that evidence as to certain material facts is uncontroverted does not at all mean that there is no genuine issue as to the material facts if the uncontroverted evidence is lawfully susceptible to two or more conflicting inferences. In such a situation the evidence should be submitted by the trial court to a jury under proper instructions as to the law. A court which draws its own inference from among the lawful inferences and enters a summary judgment based thereon, deprives the parties of their right to a trial by a jury, which body is the trier of the facts in actions of this kind, and overlooks the true intent of the modern civil rules governing summary judgments.
As the Supreme Court of Florida said in Weber v. Porco, Fla. 1958, 100 So.2d 146, 148:
"While summary judgment proceedings have done much when properly employed to expedite the disposition of litigated causes, we have consistently adhered to the proposition that when the depositions or affidavits submitted in support of a motion for summary judgment suggest a factual conflict or present a situation on which a jury might properly draw varied conclusions from the record presented, then it is not proper to grant a summary judgment."
The District Court of Appeal for the Second District of Florida later applied this doctrine in Mason v. Remick, Fla.App. 1958, 107 So.2d 38, 39, saying:
"Even where the evidence is not in dispute, when conflicting reasonable inferences may be drawn from the admitted facts, questions of negligence and negligent causation are peculiarly questions of fact which should be permitted to go to jury. Here the extent of plaintiff's reliance on his right of way, the assumption that defendant would yield, as well as every other aspect of this collision which a trial might develop are questions to be considered by a jury in deciding the ultimate fact of causative negligence. Weber v. Porco, Fla., 100 So.2d 146.
"The caution with which trial courts must consider summary judgments in cases such as this is too well known to require repetition of citations here."
To the same effect, see 30 Fla.Jur., Summary Judgment, Section 6, and the Florida cases cited therein.
We, therefore, hold that the trial court erred in entering the summary judgments appealed from. These judgments are reversed and the two causes remanded with *444 directions for further proceedings consistent with the views herein expressed.
Reversed with directions.
STURGIS, J., concurs.
WIGGINTON, C.J., concurring in part, dissenting in part.
WIGGINTON, Chief Judge (concurring in part and dissenting in part).
I concur in the able opinion written by Judge CARROLL in which it is held that the trial court erred in granting summary judgment in favor of the defendants in each of these cases on the ground that the plaintiffs were guilty of contributory negligence as a matter of law and therefore barred from the relief which they seek. I agree that on the basis of the evidence in this record the question of contributory negligence is one for the jury upon proper instructions from the court.
With respect to the action by Boysie Smith as the father of the deceased child, I am forced to conclude that on the basis of the evidence in the record before us it affirmatively appears that the plaintiff is not the father of the deceased child, and is therefore not entitled to recover the damages sought by his suit.
The uncontradicted proof shows that no ceremonial marriage between the parties was ever performed, and that Boysie Smith lacked the legal capacity to contract a common law marriage with Easter Smith because of his former marriage to another woman. The evidence is devoid of any agreement or consent by the parties to enter into a marriage relationship. The elements of capacity and consent being missing, no common law marriage ever came into existence.[1] The cause of action, if any exists, reposes in Easter Smith, the natural mother of the deceased child. I am, therefore, of the view that the summary judgment in the Boysie Smith case, based upon the conclusion reached by the trial judge that Boysie Smith is not the father of the deceased child, is correct and should be sustained. I find no evidence from which a jury could by inference lawfully reach a contrary conclusion.
NOTES
[1] Carretta v. Carretta, Fla. 1952, 58 So.2d 439; Fincher v. Fincher, Fla. 1952, 55 So.2d 800.