CALDWELL, Justice.
This cause is here on petition for writ of certiorari to the District Court of Appeal, Second District, alleging conflict between the decision of that court and prior decisions of this court and other district courts. We, having found jurisdictional conflict, consider whether a genuine issue of material fact existed precluding entry of summary judgment for defendant in an automobile accident case where the sole evidence relative to the ownership of the car was the uncorroborated testimony of defendant, the .record owner, that two days prior to the accident she sold the car to a third party. The third party who allegedly purchased the car was killed in the accident resulting from his negligent operation of the vehicle.
In her deposition defendant stated she knew Emory Garland, the alleged purchaser of the automobile; that, on November 24, 1962, the date of the accident, title to the automobile was in her name although she had sold it to Garland two days before; that on a Saturday or Sunday before the accident Garland tried the car and on Monday, October 22, said he would buy it for one hundred dollars; that he gave her ten dollars and she wrote a receipt for ten dollars “balance ninety dollars” and he said, “I’ll promise you the rest of it on Friday when I get paid.”; that she let him take the *194 car but did not transfer title; that Garland said he did not have the time to get the title transferred because he was going from job to the next; that they were to consummate the contract on the following Friday when he was to give her the rest of the money and she would transfer the title; that she did not give him a bill of sale but there was an oral agreement and she “took the man for his word.” She testified that, after the accident, she sold the car, signing over the title to the garage in payment for the storage bill.
On cross examination defendant testified that it was her intention to transfer title at the time Garland gave her the ten dollars and she gave him the car; that she asked him to go with her to transfer the title and he said he did not have time. In another place she stated that at the time Garland paid her the ten dollars and took the car it was her intention to hold the title until he paid the ninety dollars.
The Circuit Court granted summary judgment for defendant holding there was no material issue of fact as to the ownership of the car. On appeal the District Court affirmed in a brief Per Curiam opinion as follows:[1]
“This matter is before the" court on appeal from a summary judgment in favor of the defendant in a personal injury action.
“The principal question before the court was the ownership of the defendant’s vehicle. The burden was on the defendant-movant and, although the testimony of the defendant was not corroborated, there was nothing before the court that would present a genuine issue of material fact. Accordingly, the court properly granted the defendant’s motion for summary judgment.”
In Register v. Redding, 126 So.2d 289 (Fla.App.1st 1961), on facts substantially similar to those in the instant case the district court held:
“The prime question presented for decision is whether the evidence which was before the court when he granted summary judgment reveals without dispute that a bona fide sale of the vehicle in question was made by defendant to Leilich at any time prior to the accident. Whether a sale was actually consummated is a question of law to be determined from the facts in evidence. The mere assertion by defendant that he sold the vehicle to Leilich, and Leilich’s assertion that he purchased the vehicle, are mere conclusions of law and of no probative effect.”
In Cobbs v. Mosebach, 169 So.2d 841 (Fla.App.3rd 1964), on substantially similar facts, summary judgment was reversed, the court holding:
“The motion for summary judgment turned upon the question of who owned the vehicle involved on the date of the accident.
“There are varying contentions, in that, plaintiff claims the ownership of the car was in Hattie S. Speck [deceased] at the time of the accident, and the appellees contend that the ownership of the vehicle had passed to the defendant — Harry X. Mosebach and his wife.
“Our inspection of the record reveals that there are conflicts of material fact as well as varying inferences which may be drawn therefrom, therefore, the trial court erred in granting appel-lees’ motion for summary judgment.”
Determination of ownership at the time of the accident depends in large measure on the credibility of the sole surviving party to an alleged oral agreement of sale. We have concluded the record is not *195 wholly consistent with the legal conclusion that a sale had taken place and that, in weighing the evidence, reasonable men could differ. The trial court should not have granted summary judgment.[2]
Accordingly, the decision of the District Court of Appeal, Second District, is quashed and the cause remanded for further proceedings not inconsistent herewith.
DREW, ERVIN and BARNS (Retired), JJ-, concur.
THORNAL, C. J., dissents with opinion.

. 168 So.2d 697 (Fla.App.2nd 1964).

. See, e. g., Bess v. 17545 Collins Ave., Inc., 98 So.2d 490, 492 (Fla.1957).