SWANN, Judge.
The appellant, Berlanti Construction Co., Inc., plaintiff below, appeals from the entry of a summary final judgment for the defendant, Miami Beach Federal Savings and Loan Association.
The plaintiff brought this action in which it sought to recover a judgment against the savings and loan association for negligently permitting John Parise, an employee of the plaintiff, to deposit monies from drafts belonging to the plaintiff in his personal savings account, when it knew, or should have known, that he was not authorized to do so. The trial court entered a summary final judgment against the plaintiff, based on the pleadings, depositions, admissions and affidavits in the file.
The record shows that John Parise was employed by the plaintiff since 1959 and was a superintendent of a construction job for that company in Florida; that he negotiated a settlement with an insurance company representing a firm which had caused damage at the plaintiff’s construction site; and that the insurance company issued two drafts in settlement of the damage claim, payable to the plaintiff. These drafts were delivered to Parise, who executed the necessary releases for the plaintiff. Parise endorsed the drafts in the name of “Berlanti Const. Co. Inc. of Fla. John J. Parise”, and delivered them to the savings and loan association for collection. The proceeds from the drafts were deposited in the personal savings account of Parise at the savings and loan association. It was established that Parise was authorized to sign checks on behalf of the plaintiff in Florida.
The savings and loan association moved for a summary final judgment based on the pleadings, depositions and admissions, and filed supporting affidavits, including one from Parise, in which he swore that he had endorsed the checks and deposited them in his savings account at the request of Louis Berlanti, [president of the plaintiff] and that he had withdrawn and disbursed the proceeds in accordance with the instructions from Louis Berlanti. The plaintiff did not file counter-affidavits, nor did it request a continuance for additional time for discovery, and suffered a summary final judgment.
The plaintiff contends on appeal that Louis Berlanti died shortly after the transaction ; that it was unable to and had never deposed Parise, and that the question of the credibility of the statements of the witness, Parise, should be submitted to a jury for determination, inasmuch as these statements were inherently unreasonable, or improbable, and were opposed to common business usage.
The record reflects more than ample time to have conducted discovery proceedings and no request for a continuance was made at or prior to the hearing on the motion for final summary judgment. W-e are concerned here with the last contention, which involves the credibility of the un-controverted, uncontradicted, sworn statement of Parise. The plaintiff asserts that Parise is an interested witness because he would be liable to the savings and loan association if it prevailed, and his testimony is therefore suspect.
There is no doubt that the only possible material “fact” would be whether or not a jury would believe Parise’s statement that he acted under the direct instructions of Louis Berlanti in depositing the proceeds of the drafts in his personal savings account in the association and in withdrawing and disbursing those funds. There can be no testimony to contradict this, as Louis Berlanti is dead.
We do not have to explore the problem of manifest weight of evidence which could develop at the trial. This would in *748 volve an evaluation and credibility process which is not an aspect of the summary judgment procedure. Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780. We consider it as settled that in passing upon a motion for summary judgment requiring an evaluation of the facts, neither the court below, nor this court, is permitted to pass upon the credibility of the witnesses or the comparative weight of the evidence. Williams v. Board of Public Instruction, Fla.1952, 61 So.2d 493.
In St. John v. Michaels, Fla.1965, 178 So.2d 193, Justice Caldwell stated for the court:
4» * * * * *
“Determination of ownership at the time of the accident depends in large measure on the credibility of the sole surviving party to an alleged oral agreement of sale. We have concluded the record is not wholly consistent with the legal conclusion that a sale had taken place and that, in weighing the evidence, reasonable men could differ. The trial court should not have granted summary judgment.” (Emphasis added)
* «5» * * * 4»
We think the appropriate rule is set forth in 6 Moore’s Federal Practice § 56.15(4), (2d ed. 1965), wherein it is stated:
* * * * * *
“The general and well settled rule is that the court should not resolve a genuine issue of credibility at the hearing on the motion for summary judgment, whether the case be a jury or court case; and if such an issue is present the motion should be denied and the issue resolved at trial by the appropriate trier of the facts, where, to the extent that witnesses are available, he will have the opportunity to observe their demeanor. * * * ” Sartor v. Arkansas Natural Gas Corp. (1944) 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967, 7 F.R.Serv. 56c.41.
* * * * * *
and in 30 Fla.Jur., Summary Judgment § 9 at 347, which states:
******
“ * * * Even where the facts are undisputed, issues as to the interpretation of such facts may be such as to preclude the award of a summary judgment. If the evidence raises the slightest doubt on any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it. Where reasonable men might justifiably make different inferences and deductions and reach different conclusions it cannot be said that there is no genuine issue of material fact. * * * ” (Emphasis added)
******
We are not determining the question of whether Parise’s testimony is credible, or whether, after hearing the same, subj ect to cross examination, the trial court might direct a verdict. It is our holding that on the issues based on these facts and circumstances, the question of the “credibility” of an interested witness [Parise] was for determination by the trier of facts and should not have been resolved by summary final judgment.
The judgment is therefore
Reversed and remanded.