WALDEN, Judge
(dissenting):
This was a complicated action bottomed upon charges of illegal conspiracy, tortious interference with contractual relationships, and breach of contract on the part of the defendants. It is clear to me that this case, whatever else it may be and whatever its ultimate outcome, is just not one that qualifies or is suitable for disposition by summary judgment.
It would be hardly profitable to Bench and Bar to undertake the lengthy and laborious task of setting forth for the Reporter all of the charges and issues that are evident. Just as a straw in the wind to indicate the concert and conspiracy is the excerpt from the inter-office memorandum of August 19, 1966, concerning plaintiff, International Erectors, which was stated by one of the defendants, as follows:
“During my conversation with Collins he stated that Hal Beyer had told him the previous afternoon that Lawrence was going to cancel their contract with International Erectors, Inc. Apparently Beyer did not mention to Collins that the cancellation was by mutual agreement and that we had agreed to be the ‘goat.’ So, it appears that if any problems come up we are going to be blamed.”
The bounds and proprieties of summary judgment procedure are well known. Suffice it to say I would reverse and remand for a trial on the merits inasmuch as there are substantial material issues of fact. Norfolk Monument Co. v. Woodlawn Memorial Gardens, Inc., 394 U.S. 700, 89 S.Ct. 1391, 22 L.Ed.2d 658, (1969); Berlanti Construction Co. v. Miami Beach Federal Savings and Loan Association, 183 So.2d 746 (Fla.App.1966); Wisner v. Goodyear Tire & Rubber Co., 167 So.2d 254 (Fla.App.1964).
I respectfully dissent and disassociate from the majority decision to affirm the summary judgments.