371 So.2d 1080 (1979)
Glen T. McCALL and State Farm Insurance Company, Appellants,
v.
Danny K. GARLAND, Appellee.
No. 78-701.
District Court of Appeal of Florida, Fourth District.
June 13, 1979.
*1081 Nancy Little Hoffmann, Fort Lauderdale, Thomas T. Grimmett, of Grimmett, Scherer & James, Fort Lauderdale, for appellants.
Harry S. Raleigh, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellee.
LETTS, Judge.
This appeal centers on whether a Volvo "sold" by the appellant to a third party purchaser was still covered by the seller's insurance policy after the purchaser was involved in an accident and killed five days after receiving physical possession, the keys and the registration card. The trial court held the seller's insurance was still in effect. We reverse.
The details of this $135.00 sale involve an oral agreement under which the purchaser was to pay $15.00 down, which he did, and $10.00 a week thereafter. It was the parties understanding that the Volvo would not be delivered to the purchaser until the seller was able to take delivery of his new replacement car. On October 26th the seller took delivery of his new replacement car and the purchaser was given physical possession of the Volvo together with the keys and registration card. However, the seller continued to hold the title certificate as collateral to secure payment of the installments testifying that:
The intentions were that the car was his and I was simply holding the title as chattel  let me rephrase that  as a collateral against him paying me.
Were the above the only facts in this case the result would be obvious. However, the situation is complicated by the fact there is a conflict as to when the seller notified his insurance agent that he no longer owned the Volvo and that the new replacement car was to be substituted. The seller claims he called his agent prior to the accident in question, but admits to the possibility that the conversation may not have taken place until two days after. It is, however, conceded by all that the seller had no knowledge of the accident at the time that he spoke to his agent about the sale and replacement. It is also conceded that it was never the seller's intent to add a second car to his insurance policy and that the new car was a replacement for the Volvo.
Vital to our conclusion is a form entitled "change request" filled out by the insurance agent and referred to by him as a "transfer application." This particular form provided unequivocally for a substitution of the new car, a Dodge Charger, for the old Volvo "effective 10/29/76" which was two days before the accident occurred.
The appellee argues that this change request form is not controlling because it is dated November 2nd, two days after the accident. We do not agree that *1082 the date of the filling out of the "change request" is controlling, and are of the opinion that the controlling factor is the "effective" date on the form when it is considered in conjunction with all of the other uncontroverted facts. We also reject the contention that both cars were covered on October 31, 1971. Even if the insurance agent was not notified of the transfer until November 2nd, we are of the opinion that the new car would still be the one which was covered under the policy by reason of the clause providing standard coverage for the first 30 days after any vehicle replaces another, notwithstanding lack of notification.
Accordingly, even although the legal title to the automobile remained in the seller, the beneficial ownership was transferred to the buyer prior to the accident together with a tender and acceptance of the downpayment and the surrender of sole authority and control. This, coupled with the seller's testimony as to his intent and the subsequent payment of the full purchase price, convinces us that the seller was not liable for the negligent operation of the automobile simply because he retained the naked legal title. Palmer v. R.S. Evans, Jacksonville, Inc., 81 So.2d 635 (Fla. 1955). See also, Williams v. Davidson, 179 So.2d 387 (Fla. 1st DCA 1965) and Cox Motor Company v. Faber, 113 So.2d 771 (Fla. 1st DCA 1959).
Two principle cases cited by the appellee are St. John v. Michaels, 178 So.2d 193 (Fla. 1965) and Register v. Redding, 126 So.2d 289 (Fla. 1st DCA 1961). However, we have little difficulty distinguishing them. The latter Register case involved no downpayment and no weekly installments. Moreover, the purchaser voluntarily returned the vehicle to the seller for the latter to purchase a new automobile license tag after the date of the accident. In the St. John case the Supreme Court relied on the Register holding above referred to and pointed out that the credibility of the seller was an issue. The facts reveal that the seller in St. John equivocated as to what her intentions were, testifying at one point that she would have immediately transferred the title except that the purchaser did not have time to complete this administrative process, while at another point she stated that it was her intention all along to continue to hold the title until paid in full. Moreover, in St. John the seller recovered the car after the accident and sold it in payment of a storage bill thereon.
By contrast in the case at bar the vehicle was never returned to the seller after the accident, all bills on it were paid by the purchaser and the purchaser's widow continued with and concluded all of the payments thereon.
It is, therefore, our conclusion that the trial court erred in holding the seller's insurance covered the Volvo on the date of the accident in question and this cause is reversed and remanded to the trial court for the entry of a final judgment in accordance herewith.
REVERSED AND REMANDED.
CROSS and MOORE, JJ., concur.