WENTWORTH,. Judge.
Government Employees Insurance Co. (GEICO) appeals an order granting summary judgment in favor of State Farm Mutual Insurance Co. (State Farm). GEICO’s insured was involved in an automobile accident with State Farm’s insured, and a dispute arose as to the amount of coverage under the GEICO policy.
In 1976, David Cooley and GEICO entered into an insurance agreement which contained a $25,000 per person/$50,000 per occurrence liability limit. The policy also contained an “automatic insurance” clause providing coverage for subsequently acquired vehicles if:
insured notifies the company within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile. .
Mr. Cooley acquired another automobile and by a letter posted June 8,1976, notified GEICO that “I only want the amount of coverage on it that the law of Florida requires of me.” Florida law at the time required coverage of $15,000 per person/$30,000 per occurrence.
After the above letter had been mailed but before it was received by GEICO, Mr. Cooley, while driving his new auto, was involved in a collision with State Farm’s insured. Mr. Cooley’s letter was thereafter received by GEICO, and coverage on the new auto was endorsed with a $15,000/$30,-000 limit, effective as of June 8. It was standard company policy to give such a request retroactive effect, and GEICO was as yet unaware of Mr. Cooley’s recent accident.
The trial judge, in granting summary judgment in State Farm’s favor, ruled that the $25,000/$50,000 liability limit remained in effect at the time of Mr. Cooley’s accident. However, an insured’s request for a change in policy terms may be processed retroactively, and if an accident occurs after the effective date but prior to the processing date, the policy applies as changed. See McCall v., Garland, 371 So.2d 1080 (Fla. 4th DCA 1979). In the present case the June 8 letter had the effect of requesting less coverage on the new auto, and negated the “automatic insurance” clause. Such a policy change may apply retroactively, as of the date of the request, even though it is processed at a later date; the trial judge erred in ruling to the contrary.
Accordingly, the order appealed is reversed and the cause remanded for further proceedings.
McCORD and LARRY G. SMITH, JJ., concur.