RAMIREZ, C.J.
 

 Plaintiff Hayim Real Estate Holdings, LLC, appeals the trial court’s final order granting the defendants’ Motion for Final Summary Judgment. Because we conclude that there are unresolved genuine issues of material fact, we reverse and remand for further proceedings consistent with this opinion.
 

 I.
 
 Factual Background
 

 On April 3, 2004, Hayim, as purchaser, and defendant H. Moony Investments, Ltd. (“HMI”), as seller, entered into a Purchase Agreement for the transfer of certain commercial real property as part of the asset purchase of a business that operated at that site. Article V, Section 5.03 A, of the Purchase Agreement allowed the purchaser a fifteen day grace period from the effective date of the agreement to inspect the property. During this inspection period, the purchaser could terminate the agreement for any reason without incurring liability. Furthermore, subsection 5.03 D stated as follows:
 

 Purchaser is purchasing the property in “AS IS” condition. Notwithstanding anything to the contrary contained in this subsection 5.03 D, all mechanical, electrical, plumbing, heating, cooling and/or ventilating system in the Property shall be in working order at Closing.
 

 In Article XII(e), Mooney represented having “no knowledge of any facts which would indicate that the property suffers from any environmental or hazardous waste contamination.”
 

 Approximately four months following the execution of the Purchase Agreement, the parties completed the sale of the property and possession transferred to Hayim. Subsequent to the transfer, Hayim claims to have discovered several latent problems on the property. The discoveries, which included problems involving the septic tank and drainage field, resulted in this action. Hayim sued the defendant for breach of contract and fraudulent concealment/nondisclosure.
 

 Hayim’s complaint alleged that the defendants had prior knowledge of the septic tank and drainage field problems which they chose to ignore and failed to make the needed repairs. Mr. Garrett Hayim, principal of the plaintiff, claimed in his deposition that he examined the property during the inspection period including the area above the drain field, which was located underneath an asphalt lot. However, Mr. Hayim stated that prior to the inspection, the asphalt located above the drain field was torn out, and the area resurfaced "with pavers. He claimed that this was done by
 
 *726
 
 the defendant to conceal signs of a problem such as would be demonstrated by-water and waste overflow. Consequently, Hayim alleged that as a result of the septic tank and drainage field problems, the plumbing system was not in working order at the time of “Closing” and that this problem caused the property to suffer an environmental or hazardous waste contamination. Hayim further alleged that the defendants’ failure to inform Hayim of the problems and their active concealment of them resulted in both a breach of the defendants’ contractual obligations and a fraudulent misrepresentation.
 

 In support of the plaintiffs allegations, the record includes an affidavit by Ms. Dulce Lopez-Proveyer. Ms. Lopez-Pro-veyer is a former employee of the business that the defendant sold in connection with the transfer of the real property. After the sale closed, Ms. Lopez-Proveyer continued her employment with the purchaser as its business manager. In her affidavit, Ms. Lopez-Proveyer stated that Mr. Howard Mooney “had knowledge, prior to the closing of the sale of the premises, of a defective septic drain field which he undertook to conceal by placing cement pavers over the problem.” The defendants countered with an affidavit from Mr. Howard Mooney, who conceded that “prior to the installation of the pavers, the area in question was covered with asphalt” and that “Hayim executed the contract to purchase the property prior to the installation of the pavers.” However, Mr. Mooney claimed that “the pavers that were installed were not installed to conceal any problems with the drainage field.” This contradicts Ms. Lopez-Proveyer statement. The trial court granted the defendants’ Motion for Final Summary Judgment, which Hayim now appeals.
 

 II.
 
 Analysis
 

 This court reviews de novo the decision of a trial court to grant summary judgment. “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.”
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000);
 
 see also
 
 Fla. R. Civ. P. 1.510(c). Further, the party moving for summary judgment has the burden of proving the “absence of a genuine issue of material fact.”
 
 Holl v. Talcott,
 
 191 So.2d 40, 43 (Fla.1966).
 

 In reaching its decision to grant summary judgment, the trial court relied on this Court’s holding in
 
 Futura Realty v. Lone Star Building Centers. (E.), Inc.,
 
 578 So.2d 363 (Fla. 3d DCA 1991).
 
 Futura
 
 stands for the doctrine of caveat emptor with regard to the sale of commercial real property: “the commercial property vendor owes no duty for damage to the land to its vendee because the vendee can protect itself in a number of ways, including careful inspection and price negotiation.”
 
 Id.
 
 at 365. However, the instant case is distinguishable from
 
 Futura
 
 in that here, the plaintiff claims it owed it a duty under the express agreement it negotiated: to provide specific systems in working order as well as communicate their knowledge of specific problems. The plaintiff alleges that the defendants’ failure to provide specified systems in working order at closing as well as them failure to communicate the known problems constitutes an express breach of the agreement. Intertwined with the facts regarding its contract breach argument, the plaintiff further alleges an alternate basis for a claim, the defendants’ active concealment of known defects. Consequently, to affirm summary judgment, this Court would have to agree that no genuine issue of material fact remained as to whether: (1) the defendants breached an express contractual duty to inform Hayim of specified problems, (2)
 
 *727
 
 the defendants breached an express contractual duty by failing to have the specified systems in working order at closing; and (3) the defendants actively concealed known defects from the plaintiff.
 

 In a commercial real property transaction, Florida law distinguishes between the mere nondisclosure of a known defect, a non-actionable offense, and the active concealment of one, an actionable offense:
 

 The doctrine of caveat emptor (literally, “let the buyer beware”) provides that, when parties deal at arm’s length, buyers are expected “to fend for themselves, protected only by their own skepticism as to the value and condition of the subject of the transaction.” Biff Craine, Note, Real Property — Sellers’ Liability for Nondisclosure of Real Property
 
 Defects
 
 — Johnson
 
 v. Davis,
 
 480 So.2d 625 (Fla.1986), 14 Fl. St. U.L.Rev. 359, 361 (1986). Absent an express agreement, a material misrepresentation or active concealment of a material fact, the seller cannot be held liable for any harm sustained by the buyer or others as the result of a defect existing at the time of the sale. See, e.g., W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 64, at 447 (5th ed.1984); Frona M. Powell, The Seller’s Duty to Disclose in Sales of Commercial Property, 28 Am. Bus. L.J. 245, 248-50 (1990).
 

 Haskell Co. v. Lane Co.,
 
 612 So.2d 669, 671 (Fla. 1st DCA 1993).
 

 Because the facts regarding the claims in the present case are intertwined, this Court does not need to examine the plaintiff’s claims separately. The presence of a genuine issue of material fact regarding the active concealment of known defects by the defendants would likewise provide a genuine issue of material fact concerning the defendant’s breach of its express contractual duties. We hold that Ms. Lopez-Proveyer’s affidavit provides a genuine issue of material fact as to whether the defendants’ actively concealed a known defect.
 

 The First District Court of Appeal held that “the mere fact that evidence as to certain material facts is uncontroverted does not at all mean that there is no genuine issue as to the material facts if the uncontroverted evidence is lawfully susceptible to two or more conflicting inferences.”
 
 Smith v. City of Daytona Beach,
 
 121 So.2d 440, 443 (Fla. 1st DCA 1960). In the present case, the parties agreed to a 15-day inspection period and required that certain disclosures be made. Once the parties entered into the Purchase Agreement, them duties towards each other were altered.
 
 Sepe v. City of Safety Harbor,
 
 761 So.2d 1182, 1184 (Fla. 2d DCA 2000).
 

 Mr. Mooney’s affidavit acknowledges both that prior to the installation of the pavers, the area above the drain field was covered with asphalt and that the pavers were installed after the Purchase Agreement was executed. In Mr. Garrett Hay-im’s deposition, he stated that when he first inspected the property, within the 15-day window provided by the Purchase Agreement, the pavers had already been installed. These statements also raise a genuine issue of material fact as to when and why the defendants installed the pav-ers, particularly because the pavers represented a capital expenditure on property which had already contracted to sell for a fixed price. Similar to the First District Court of Appeal’s holding in
 
 Smith
 
 with regards to “uncontroverted evidence,” this Court adopted 30 Fla. Jur., Summary Judgment § 9 at 347, in its holding in
 
 Berlanti Constr. Co. v. Miami Beach Fed. Sav. & Loan Asso’n.,
 
 183 So.2d 746, 748 (Fla. 3d DCA 1966):
 

 Even where the facts are undisputed, issues as to the interpretation of such
 
 *728
 
 facts may be such as to preclude the award of a summary judgment. If the evidence raises the slightest doubt on any issue of material fact, if it is conflict-' ing, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it. Where reasonable men might justifiably make different inferences and deductions and reach different conclusions it cannot be said that there is no genuine issue of material fact.
 

 Id.
 
 at 748.
 

 III.
 
 Conclusion
 

 In sum, there remain genuine issues of material fact that should be submitted to a jury. We therefore reverse the trial court’s final order granting the defendants’ Motion for Final Summary Judgment.
 

 Reversed and remanded for further proceedings consistent with this opinion.