137 So.2d 605 (1962)
Paul H. CHAPMAN, Appellant,
v.
W. Walter TISON, Appellee.
No. 2520.
District Court of Appeal of Florida. Second District.
February 9, 1962.
Charles E. Early, of Early & Early, Sarasota, for appellant.
A. Broaddus Livingston, of Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellee.
WHITE, Judge.
Paul H. Chapman, plaintiff below, appeals a summary judgment entered for the defendant W. Walter Tison. The action was brought to collect a broker's commission for procuring a purchaser for Radio Station W A L T.
The plaintiff was employed by the defendant to procure a purchaser for Radio Station W A L T in 1954. It was agreed that if he procured such a purchaser, he would be entitled to a 5% commission. The plaintiff was to procure a purchaser at a price and on terms agreeable to the defendant to be entitled to the commission. The complaint alleged that the plaintiff interested a group of persons represented by Robert E. Wasdon in the sale, that the said group of persons purchased the business for $100,000.00 and that he was the procuring cause of the sale.
The plaintiff alleged that he was neither a registered broker nor a registered salesman as defined in the Real Estate License Law. His failure to register is not in issue here as the parties recognized his right to a commission if he was the procuring cause of the sale under the authority of Hughes v. Chapman, U.S.C.A., 5th Cir.1959, 272 F.2d 193. In that case, the court affirmed a judgment awarding the appellee the agreed commission for the sale of a radio station in Auburndale, Florida, notwithstanding the fact that the appellee was not a licensed real estate broker under Florida Laws.
The radio station in the instant case was sold to the purchasing group, but the defendant contends that he negotiated with the purchasers before the plaintiff mentioned them to him. The parties agreed that the issue to be tried was whether or *606 not the plaintiff was the procuring cause of the sale. The trial court granted the defendant's motion for summary judgment based on findings that there was no genuine issue of any material fact, that the plaintiff without question was not the procuring cause of the sale. The plaintiff appealed.
The plaintiff contends that the record contains sufficient facts to constitute a jury question as to whether or not he was the procuring cause of the sale. Factual allegations of the complaint, together with supporting depositions and affidavits of a plaintiff, must be accepted as true and viewed in the light most favorable to the plaintiff in his opposition to a motion for summary judgment. Nance v. Ball, Fla. App. 1961, 134 So.2d 35. Also, the motion requires only the consideration of that evidence most favorable to the party moved against, resolving in his favor all reasonable inferences that may be drawn from the evidence. Patty v. Food Fair Stores of Florida, Fla.App. 1958, 101 So.2d 881. In the latter case the court quoted 6 Moore's Federal Practice 2d Ed., Para. 56.15(3) which said:
"`Since it is not the function of the trial court to adjudicate genuine factual issues at the hearing on the motion for summary judgment, in ruling on the motion all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion.'"
The opinion went on to say that:
"[W]hen considering a motion for summary judgment, it is the function of the trial court to ascertain if there exists a genuine issue of material fact rather than to adjudicate the probative weight of the evidence as it pertains to disputed facts."
Thus we come to the main issue involved: Were the facts alleged in this case sufficient to raise an inference that the plaintiff was the procuring cause of the sale and thus entitling him to take his case to the jury? We think the question must be answered in the affirmative.
The affidavit of Paul H. Chapman stated that:
"6. There were continuous contracts between myself and my associates and Mr. Tison and the aforesaid Wasdon Group concerning the sale and purchase of Station W A L T during a period commencing in January or February, 1955 and extending through August of that year. These contracts were by conferences, letters, telephone calls and telegrams. A copy of one such letter is attached as Exhibit `A' * * *."
Another affidavit to the same effect was submitted by J. McCarthy Miller, Jr., a salesman associated with Chapman. This affidavit states:
"1. On the 11th day of April, 1955, I advised Robert E. Wasdon by letter that Station W A L T was for sale. I told him this was the best buy in the area. This letter was written pursuant to information I had received from Robert E. Wasdon indicating that he and his group were interested in our Florida listing, particularly our listings in Tampa. * * *
* * * * * *
"7. On the 5th day of August, 1955, I had a conference with the defendant, W. Walter Tison, regarding the sale of Station W A L T to the Robert E. Wasdon group. At this time, W. Walter Tison told me he suspected there was a broker involved in the sale of Station W A L T to Robert E. Wasdon and the group with which he was associated. Mr. Tison said further that because of this suspicion he insisted on having a paragraph in the contract providing for said sale that the buyers would indemnify him, W. *607 Walter Tison, from any broker's commission he would have to pay * *."
Statements made in the two affidavits set out conflicted with statements made by Robert E. Wasdon in his deposition:
"A. I have absolutely no recollection of any contracts with Mr. Chapman or Mr. McCarthy Miller about this radio station.
"Q. When you say you have no recollection, you mean to say * * *
"A. I have no record, even; I have no recollection or any record of correspondence or calls or anything from Mr. Chapman.
"Q. Would you have recalled if they had had some contact with you?
"A. I think I would  yes.
"Q. In other words, what you are saying is that they never had any contact with you in regard to it?
"A. So far as I know, that's true, yes sir."
In 8 Am.Jur., Brokers, § 172, it is said:
"[Whether] a broker is the procuring cause of sale, is a question of considerable difficulty; in the main it is a question of fact for the jury, the decision in each case being dependent upon the particular facts and circumstances thereof. It is frequently said, however, that in order to be the procuring cause of a sale, the broker must first call the purchaser's attention to the property, and start negotiations which culminate in the sale thereof. * * *"
The affidavits and depositions, being conflicting, are susceptible of two opposing inferences. Viewing the depositions and affidavits in the light most favorable to the party moved against and deducing the inferences also in the light most favorable to the party moved against, we conclude that the defendant was not entitled to a summary judgment.
Reversed.
SHANNON, C.J., and SMITH, J., concur.