HORTON, Judge.
The appellants seek a review and reversal of a final judgment entered pursuant to a directed verdict granted at the close of the appellants’ case in chief.
The facts are relatively simple and without dispute. One Preechl, an employee of M. R. McCorkle, while operating an ice truck owned by McCorkle, ran into the rear of an automobile operated by the appellant William Harley Jones in which his wife, appellant Mary Irene Jones, was a passenger. Suit was brought for damages resulting from personal injuries sustained by the appellant Mary Irene Jones as well as a derivative cause of action on behalf of the appellant husband. The appellants in their complaint charged that an agency relationship existed between McCorkle and the appellee corporation.
*888 The appellee corporation denied ownership of the ice truck in question, denied that Preechl was its employee or acting as its agent, and denied any negligent act of omission or commission. At the pretrial conference it was admitted that the ownership of the ice truck was in McCor-kle; that Preechl had no connection with the appellee corporation; and that the agency, if any, would have to be established as between the corporation and Mc-Corkle.
At the trial, the testimony developed that McCorkle’s ice truck bore the inscription “Royal Palm Ice” on the sides thereof, with tlie words “M. R. McCorkle, Distributor” underneath; that the signs on the truck had been placed there by the ap-pellee corporation with color, size and lettering which conformed to the lettering on trucks owned by the corporation itself. The appellee corporation, it was established, was in the business of selling ice and owned and operated some twenty ice delivery trucks in Dade County. McCorkle’s employee, Preechl, was, at the time of the accident, delivering ice on a route belonging to McCorkle. McCorkle purchased his ice from the appellee corporation and had a regular route for delivery of ice to customers. It was further brought out that at times the names of new customers who called the appellee’ corporation were furnished to McCorkle and his employees. When McCorkle’s trucks had breakdowns, he would borrow one of the corporation’s trucks and, on occasion, the corporation would make a delivery for him. There were some instances when the corporation collected monies from McCorkle’s customers in his behalf and other occasions when checks had been made payable by Mc-Corkle’s customers to the appellee corporation. Both Preechl and McCorkle wore shirts which bore the legend “Royal Palm Ice.” The foregoing was substantially the evidence offered to establish the agency relationship between the corporation and Mc-Corkle. Upon motion of the appellee, the trial court directed a verdict and entered the judgment from which this appeal was prosecuted.
The appellants’ main contention here is that the court erred in directing a verdict and thereby holding as a matter of law that there was no evidence of an agency relationship between the appellee corporation and McCorkle. We are aware of the many decisions of the Supreme Court of Florida, as well as the district courts of appeal which hold that a verdict should never be directed unless the evidence is such that no view which the jury might lawfully take of it favorable to the party moved against could be sustained under the law.[1]
In order to reverse the judgment appealed, it would be necessary for this court to conclude, contrary to the conclusion of the trial court, that there was sufficient evidence to establish a prima facie case that McCorkle was either an agent of the ap-pellee corporation or was an independent contractor whose actions were such that they would come within the exception to’ the rule of nonliability for the torts of an independent contractor.
We are in complete accord with the conclusions reached by the trial court. The evidence here does not disclose an agency relationship existing between the appellee corporation and McCorkle. It does establish, however, that McCorkle was an independent contractor. The appellants contend that as an independent contractor, Mc-Corkle’s agent’s negligence should be visited upon the appellee and urges that the holdings in Stuyvesant Corp. v. Stahl, Fla.1952, 62 So.2d 18; Mastrandrea v. J. Mann, Inc., Fla.App.1961, 128 So.2d 146; and Peairs v. Florida Publishing Company, Fla.App.1961, 132 So.2d 561, support that conclusion. The cited cases relied upon by appellants represent exceptions to the general rule of nonliability for the torts of an; *889 independent contractor but the evidence here viewed in a light most favorable to the appellants falls far short of coming within any of the recognized exceptions.
We conclude that the trial court’s direction of a verdict is sustainable under the holdings in Miami Herald Publishing Co. v. Kendall, Fla.1956, 88 So.2d 276, and Cawthon v. Phillips Petroleum Company, Fla.App.1960, 124 So.2d 517.
Concluding as we have that the trial court was correct in directing a verdict in favor of the appellee, it follows that the judgment appealed should be and it is hereby affirmed.
Affirmed.

. See Good v. Ozer, Fla.App.1958, 100 So.2d 204; Schutzer v. City of Miami, Fla.App.1958, 105 So.2d 492.