PER CURIAM.
This is an appeal from a summary final judgment for one of several defendants in an action arising out of an accident between an automobile and a truck. The sole question presented is whether there was a genuine issue of material fact as to whether the defendant-appellee was the employer of the owner-driver of the truck involved.
The trial judge decided that there was no such issue and that the owner-driver of the truck was, as a matter of law, an independent contractor. Under this finding, the defendant-appellee was simply a transportation broker and not an employer of the owner-driver. There was no suggestion in the argument before us that the trial judge did not have before him all of the facts bearing upon the relationship between the defendant-appellee and the driver-owner of the truck. We are presented with arguments going to the legal effect of, and the reasonable inferences to be drawn from, the facts before the court.
 We have taken into consideration the fact that the plaintiff as the party moved against is entitled to have resolved in her favor all reasonable inferences that may be drawn from the facts established. Chapman v. Tison, Fla.App.1962, 137 So.2d 605. Viewed from such a vantage point, the trial judge correctly found that there was no genuine issue of material fact as to the re *299 lationship between two of the defendants. All of the factors necessary to determine the relationship between the defendant-ap-pellee and the driver-owner of the truck were established, and they lead to the conclusion as a matter of law that the defendant-appellee was not an employer of the driver-owner of the truck. See King v. Young, Fla.App.1958, 107 So.2d 751; Jones v. Royal Palm Ice Co., Fla.App. 1962, 145 So.2d 887.
Affirmed.