TILLMAN PEARSON, Judge.
The plaintiff appeals a summary final judgment for the defendant, City, in an action brought for an alleged assault by a City policeman. The final judgment appealed was entered prior to the decision in Simpson v. City of Miami, Fla.App. 1963, 155 So.2d 829, which held that a city could be liable for an intentional tort of a police officer. It is apparent from this record that the trial judge entered the summary^ judgment appealed because of a contrary interpretation of Hargrove v. Town of Cocoa Beach, Fla.1957, 96 So.2d 130, 60 A.L.R.2d 1193, and cases construing the holding of that case.
However, it is necessary for us to discuss one of appellee’s contentions because, if appellee’s position is correct as related to this point, then the summary judgment must be sustained even though entered upon an erroneous ground. See State v. Florida Real Estate Commission, Fla.1956, 99 So.2d 582; Berkman v. Miami National Bank, Fla.App. 1962, 143 So.2d 535. The point raised is that the appellee, City, was entitled to a summary final judgment because the appellant, plaintiff, failed to show that the officer who allegedly beat him was .employed by the City of Opa Locka.
The summary judgment appealed was entered upon the basis of pleadings, depositions and admissions on file, together with affidavits. It appears without controversy that the plaintiff was unlawfully arrested by a police officer of the defendant, City, and charged with the violation of a City ordinance ; that he was then taken to the City jail where a police officer assaulted and beat him. It further appears that the jail facilities were also used by at least one other governmental entity. Police officers of the other governmental entity were present at the time the plaintiff claims to have been assaulted.
A review of the record reveals testimony by the plaintiff that the person or persons who assaulted him wore the same uniforms as that of the City of Opa Locka policeman who arrested him. In addition, it is admitted that the plaintiff was, at the time and the place designated, in the custody of the police of the City of Opa Locka and that he was incarcerated in a jail operated by the City.
 On motion for summary judgment the party moved against is entitled to the benefit of all reasonable inferences from *486 the facts before the court. Chapman v. Tison, Fla.App.1962, 137 So.2d 605; Bassell v. Al Landers Dump Trucks, Inc., Fla.App. 1963, 148 So.2d 298; Koplin v. Bennett, Fla.App.1963, 155 So.2d 568. It thus appears that there were sufficient statements in the deposition of the plaintiff, together with the admissions of fact, and the inferences therefrom, to constitute a genuine issue of material fact upon the question of whether the person or persons who allegedly assaulted the plaintiff were officers or employees of the defendant, City. See Goldie v. Dillon, Fla.App.1962, 140 So.2d 81. We conclude, therefore, that appellee’s contention, set forth above, is not sufficient as a ground for the entry of the summary final judgment.
The judgment appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.