CARROLL, DONALD, K., Judge.
The plaintiff in an action on an automobile insurance policy has appealed from a final summary judgment entered for the defendant by the Circuit Court for Duval County.
The basic question presented for our determination in this appeal is whether the court in entering the said judgment correctly ruled as a matter of law, that a certain transaction involving an automobile covered by the policy did not constitute a theft within the provisions of that policy.
The undisputed facts, as shown by the record before the court at the hearing on the defendant’s motion for a summary judgment, are as follows:
The defendant, an insurer, issued an automobile policy to the plaintiff, which was engaged in the business of renting automobiles to the public, insuring a certain Valiant automobile and other cars against “loss caused by theft, larceny, robbery or pilferage.” In an exclusionary clause the policy provides that it does not cover “loss due to conversion, embezzlement or secretion by any person in possession of the automobile under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance.”
In the transaction in question a person calling himself Jack Robinson, presented a Georgia driver’s license listing a Jesup, Georgia, address, and rented the said Valiant automobile from the plaintiff under a car rental agreement providing for the return of the car on or before the next afternoon. This automobile was never returned or found and the said Georgia adddress was checked and found to be false. There was no evidence as to what happened to the car after the plaintiff *740 released it to “Jack Robinson” under the rental agreement, nor was there any evidence as to the intention of Robinson other than that which may be inferred from the fact that the automobile was not returned as Robinson had promised and the fact that the address on the Georgia license did not “check out.”
In the summary judgment appealed from the court held as a matter of law that the above facts showed a conversion of the automobile by a person in possession under a bailment lease and hence there was no coverage under the above-quoted exclusionary clause of the policy.
The authority to enter a summary judgment is derived from Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., providing in pertinent part that at the hearing on a party’s motion for summary judgment the judgment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogations and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” It will be noted that both of the latter conditions must exist in order to justify the entry of a summary judgment. Smith v. City of Daytona Beach, 121 So.2d 440 (Fla.App. 1st, 1960).
The Supreme Court of Florida has held that the summary judgment procedure “ * * * is circumscribed by the guaranty of trial by jury.” Yost v. Miami Transit Co., 66 So.2d 214 (Fla.1953).
The rule is well established that, in considering a motion for a summary judgment, all doubts “regarding the existence of an issue are resolved against the movant, and the evidence presented at the hearing plus favorable' inferences reasonably justified thereby are liberally construed in favor of the opponent.” Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla.1965).
In several cases this court has pointed out that a summary judgment may not be entered, under our procedural rules, if the evidence is conflicting as to an issue of material fact or, where the evidence is undisputed as to such issue, if the evidence is reasonably susceptible of conflicting inferences. Glen Falls Insurance Co. v. Edgerly, 155 So.2d 649 (Fla.App.1963) and Touart v. Gonzalez, 156 So.2d 656 (156 So.2d 1963).
Reverting to the terms of the policy in question here, the said Valiant automobile is not covered unless its loss is caused by “theft larceny, robbery or pilferage,” except that there is no coverage if the loss is caused by “conversion, embezzlement or secretion by any person in possession of the automobile under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance.” Under these provisions, in no event can there be coverage unless the loss is caused by theft, larceny, robbery, or pilferage. When such a loss is shown to exist, inquiry is made as to whether the loss comes under the exclusionary clause as due to a conversion, embezzlement, or secretion under the circumstances set forth in that clause. We need not and do not here pass upon the question whether the loss was excluded under that clause.
In our opinion, the evidence before the court at the hearing on the defendant’s motion for a summary judgment was insufficient to support a reasonable inference by a jury that the loss of the Valiant was caused by theft, larceny, robbery, or pilferage (there was, for example, no evidence of criminal intent) and so it cannot be said that there was a genuine issue as to such material fact; and, in addition, we think that the defendant, under the evidence and the pleadings in the cause, was entitled to a summary judgment as a matter of law. Therefore, the judgment appealed from was properly entered by the court, even though that judgment may have been based upon different *741 grounds from those which we consider correct.
For the foregoing reasons, the summary-judgment should be and it is
Affirmed.
WIGGINTON, C. J., and RAWLS, J., concur.