PER CURIAM.
Each side moved for summary judgment and, at least tacitly, agreed that the case was a ripe and proper one for adjudication and disposition under Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A.[1]
Summary judgment was duly entered for plaintiff in a suit for specific performance of a land trade agreement. We reverse and remand because there are material disputed issues and critical unplumbed areas. Holl v. Talcott, Fla.1966, 191 So.2d 40.
This suit deals with the interpretation to be given a real estate trade agreement and, more specifically, the provision “ * * * titles to be insurable in the usual form subject to easements and restrictions common to the subdivision * * * ”. Does the fact that there was a reservation of certain mineral and petroleum rights render the title not insurable as contemplated by the agreement? We feel that the conflicts in the testimony of the experts and the summary presentation does not afford an adequate basis for a definitive treatment and judgment.
It is generally understood that in certain parts of Florida, at least, there have been significant oil and mineral discoveries. Thus, a careful pronouncement in this case could do much to insure orderly development in future conveyancing.
For these reasons and sentiments the judgment is reversed and the case remanded with respectful instructions to conduct a full trial on the merits.
Reversed and remanded.
REED, C. J., WALDEN, J., and MELVIN, WOODROW M., Associate Judge, concur.

. Even if counsel should stipulate for the use of summary judgment procedure, same is not binding upon the court where the threshold requirements of Rule 1.510 (c), P.R.O.P., are not fully met. Shollenberger, v. Baskin, Fla.App.1969, 227 So.2d 79; Booth v. Mary Carter Paint Co., Fla.App.1966, 182 So.2d 292.