276 So.2d 210 (1973)
OSCEOLA COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Dennis L. GOODMAN, Appellee.
No. 71-901.
District Court of Appeal of Florida, Fourth District.
April 17, 1973.
John B. Ritch and Murray W. Overstreet, Jr., Kissimmee, for appellant.
William H. Davis, of Giles, Hedrick & Robinson, Orlando, for appellee.
WALDEN, Judge.
This is an appeal from a summary judgment entered in favor of the plaintiff-appellee in a suit for declaratory judgment. We reverse because same was prematurely entered in violation of the criteria found in Rule 1.510, F.R.C.P., 31 F.S.A.
Summary judgment is only properly entered where there are no material issues of fact. Holl v. Talcott, Fla. 1966, 191 So.2d 40. Where the evidence is uncontradicted, the moving party is still not entitled to summary judgment if the evidence is susceptible of conflicting inferences. Williams v. Davidson, Fla.App. 1965, 179 So.2d 387; Beikirch v. City of Jacksonville Beach, Fla.App. 1964, 159 So.2d 898; Glens Falls Ins. Co. v. Edgerly, Fla.App. 1963, 155 So.2d 649; Baskin v. Griffith, Fla.App. 1961, 127 So.2d 467; Pollock v. Kelly, Fla.App. 1960, 125 So.2d 109; Smith v. City of Daytona Beach, Fla.App. 1960, 121 So.2d 440; and Graff Enterprises v. Canal Ins. Co., Fla.App. 1968, 213 So.2d 738. Even where counsel stipulate for the use of summary judgment procedure *211 (or both move for it as here) the stipulation is not binding on the court where the prerequisites for summary judgment are not met. Van Arsdale v. DiMil Land Co., Fla.App. 1972, 264 So.2d 85.
Here plaintiff, on May 14, 1968, applied to the Osceola County Planning Commission for approval of his proposed plan to develop a mobile home park and travel trailer arena on a seventeen acre tract of land which he was then considering purchasing. He had not yet purchased the property. The hearing was held on July 25, 1968, at which time the commission refused to approve plaintiff's plan. One of the reasons for the commission's refusal to approve the mobile home development was that plaintiff's land was within an area which was to be zoned for the highest residential use. Nevertheless, plaintiff completed the purchase of the property at issue on July 26, 1968, in accordance with a contract which he had previously entered into. In October 1968 the Osceola County Commission had enacted interim zoning regulations to become effective on December 1, 1968.
Based upon the foregoing, there is a question and an issue as to whether plaintiff was estopped from asserting a nonconforming use against the County. City of Fort Lauderdale v. Lauderdale Industrial Sites, Fla.App. 1957, 97 So.2d 47; Sharrow v. City of Dania, Fla. 1955, 83 So.2d 274.
Not in limitation, there is a further issue as to whether the county was responsible for thwarting the plaintiff in its development.
All in all, from a survey of the record, it is our opinion that summary judgment was inappropriate and that the issues deserved development at a regular trial.
Reversed and remanded.
CROSS and MAGER, JJ., concur.