MILLS, Judge.
The First National Bank, plaintiff in a suit on an automobile insurance policy, appeals from a final summary judgment rendered in favor of the defendant, Canal Insurance Company.
The issue before us is whether the trial court erred in its entry of the judgment which was based on the ground that the facts presented to it established as a matter of law a bailment lease between the owner of a trailer and his driver.
First National financed the purchase of the trailer by the Bryans who gave it a note and security agreement. By endorsement, Canal added the trailer to a policy covering a tractor owned by the Bryans and made First National the loss payee. Under its insuring agreement, Canal agreed to pay for loss of the trailer caused by theft. Excluded from coverage was loss due to conversion by any person in possession of the trailer under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance.
Bryan engaged a driver to drive the tractor-trailer rig to Michigan to pick up and to return produce to Florida. Bryan furnished the driver with money to operate the rig. The driver was to be paid twenty percent' of the gross proceeds received for the produce. Bryan instructed the driver to let him know where he was hauling the produce, and to come through Lake City. Shortly after his departure, the driver called several times, but after several days of no contact Bryan swore out a warrant *231 for his arrest. Approximately six months later the tractor was found abandoned in Tampa, but neither the trailer nor the driver has been found. Canal was properly informed of the loss.
“. . .A bailment lease is usually defined as a legal method by which one desiring to purchase personal property but is unable to pay therefor at the time, may secure possession of the property with right to use and enjoy it as long as he pays a stipulated rental and becomes the absolute owner, after completing installment payments, on payment of an additional sum, which may be nominal. It seems to be the rule that the right to become the absolute owner is essential to a bailment lease.” Motors Insurance Corporation v. Stanley, 237 Miss. 681, 115 So.2d 678 (1959).
Section 520.02(1), Florida Statutes, defines motor vehicle as including trailers. Section 520.02(5), Florida Statutes, defines bailment lease as a contract by which the bailee contracts to pay as a compensation for the use of a motor vehicle a sum substantially equivalent to or in excess of its value and by which it is agreed that the bailer is bound to become, or for no further or a merely nominal consideration, has the option of becoming, the owner of the motor vehicle upon full compliance with the provisions of the contract.
The facts presented to the trial court do not establish as a matter of law a bailment lease between the owner of the trailer and his driver. Rather, they establish an employer-employee relationship. The facts in the case before us are almost identical to those in Firemans Fund Insurance Co. of San Francisco v. Boyd, 45 So.2d 499 (Fla. 1950), in which the court concluded that a truck came into the driver’s custody by virtue of his employment as the driver, and he did not have that possession, nor that contractual obligation with respect to the thing bailed, characteristic of a bailment. The trial court erred in its entry of the final summary judgment in favor of Canal.
Graff Enterprises v. Canal Insurance Company, 213 So.2d 738 (Fla.App.lst, 1968), relied upon by Canal, is not applicable to the case before us, because the court did not consider the provisions of the exclusionary clause in arriving at its decision.
Although First National contends that the trial court erred in denying its summary judgment, we are unable to consider the point, because the record does not contain an order indicating that the trial court considered the summary judgment.
Reversed and remanded for further appropriate proceedings.
McCORD, J. concurs.
BOYER, C. J., dissents.