ERVIN, Judge.
Clark’s issue on appeal is that the lower court erred in granting summary judgment in favor of appellees and in failing to grant it in his favor. Upon review of the record we find that material issues of fact remain, precluding the entry of summary judgment for either party. Accordingly, we reverse the lower court’s order and remand the cause for proceedings consistent with this opinion.
We arrive at this conclusion despite the fact the trial court’s order recites that during the summary judgment proceedings, all parties stipulated that the entire case could be decided on the basis of the opposing motions for summary judgment raised by each party.[1] Such a stipulation, even if made, had no effect. Although counsel may stipulate for use of a summary judgment procedure, or both move for it, the stipulation is not binding on the court where the prerequisites for summary judgment are not met. Osceola County v. Goodman, 276 So.2d 210 (Fla. 4th DCA 1973); Van Arsdale v. DiMil Land Co., 264 So.2d 85 (Fla. 4th DCA 1972). We do not interpret the above rule as authorizing the trial court to accept such a stipulation where the record reveals disputed issues of material facts. The parties cannot by stipulation control questions of law. Massachusetts Bonding & Ins. Co. v. Bryant, 175 So.2d 88 (Fla. 1st DCA 1965), affd., 189 So.2d 614 (Fla.1966). Moreover, “[c]ourts will not give effect to a stipulation where it conflicts with established principles of procedure.” (e.s.) See 2 Fla.Jur.2d, Agreed Case and Stipulation, § 10, p. 428 (1977); see also, Economy Cash and Carry Cleaners, Inc. v. Cleaning Dyeing and Pressing Board, 128 Fla. 408, 174 So. 829 (1937). Finally, summary judgment is not a substitute for trial. Booth v. Mary Carter Paint Co., 182 So.2d 292 (Fla. 2d DCA 1966).
Reversed and remanded for further proceedings consistent with this opinion.
THOMPSON, J., concurs.
BOOTH, J., dissents.

. The transcript of the summary judgment proceedings which apparently contained the alleged oral stipulation was not made a part of the record on appeal.