SCHEB, Acting Chief Judge.
Maglione Realty, Inc. appeals a final summary judgment denying it recovery of a real estate commission. We reverse.
On June 19, 1984, Ralph D. and Frances Votrian gave Maglione Realty an exclusive six-month listing agreement to sell some real property they owned for $200,000. The agreement stipulated:
In case of any sale or exchange of this property within that time either by the undersigned broker, the undersigned owner, or by any other person, or in subsequent ninety (90) days after the expiration of this memorandum, to any party introduced pursuant to this listing, I hereby agree to pay said broker a fee of 5%.
Maglione Realty marketed the property by placing signs thereon, advertising it and contacting investors. In September 1984, Peter Johnston, an agent for N.J. Olivieri, contacted John Minks, one of Maglione’s sales representatives, and expressed an interest in the property. He submitted an offer on behalf of Olivieri which Minks, in turn, presented to the Votrians. The offer was rejected. Olivieri eventually purchased the property from the Votrians in May 1985 after the ninety-day “protective period” had expired on March 11, 1985.
Maglione Realty filed suit against the Votrians seeking to recover a broker’s commission. It alleged that a sale of the property was agreed on between the Votrians *1385 and Olivieri but that the parties refrained from completing the sale in order to avoid payment of a broker’s commission to Ma-glione Realty.
The Votrians admitted they had entered into the exclusive sales agreement but denied the other material allegations of the complaint. After extensive discovery was conducted, the Votrians moved for summary judgment. The trial court granted final summary judgment, and this appeal ensued.
We begin our analysis with a well-known principle that no longer requires citation of authority: Florida Rule of Civil Procedure 1.510 allows entry of a summary judgment only if there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. It is undisputed that Maglione Realty did not obtain a contract to purchase from Olivieri within the initial six-month listing period. Further, no written contract of sale was entered into between the Votrians and Oli-vieri within the ninety-day protective period. In fact, sale of the property was not completed until after the ninety-day protective period. Nevertheless, Maglione Realty may still be entitled to a broker’s commission if it can establish that the sale was agreed upon during that period, but deferred to avoid paying the broker’s commission.
Minks admitted he was unsuccessful in his attempts in September 1984 to negotiate with the Votrians. Johnston continued to express an interest in the property on behalf of Olivieri, and Minks suggested that he contact Ralph Votrian directly. Maglione and his salesman, Minks, acknowledged that no one on behalf of Ma-glione Realty was involved in the subsequent negotiations between Olivieri and the Votrians.
Johnston was involved in “off and on” negotiations with the Votrians on behalf of Olivieri. He said it was his understanding that the sales agreement the Votrians had with Maglione Realty had expired. Olivieri testified that Johnston submitted a written offer to the Votrians on his behalf on February 19, 1985, during the protective period. The proposed contract called for a purchase price of $215,000 and for a closing on April 1, 1985, a date subsequent to the expiration of the protective period. It was signed by the Votrians but not by Olivieri. Olivieri testified that he eventually purchased the property for $215,000 in May 1985, although no formal contract of purchase was executed. When asked if he eventually closed on basis of the February 19 contract he said, “This is the basic contract that we closed on, yes.” Johnston was paid a 2% sales commission on the sale by Olivieri.
Maglione Realty contends that whether there was a “sale” to Olivieri within the protective period is an issue of material fact which cannot be conclusively determined from the pleadings, depositions and affidavits that were before the court when it entered summary judgment. In seeking to sustain their summary judgment, the Votrians point out there was no sale by the Votrians within the listing period or the ninety-day protective period. Thus, they maintain Maglione Realty cannot, as a matter of law, recover a commission. The Votrians also contend that Olivieri was not actually “introduced” to the property as required by the language in the protective period clause in the listing agreement, but we find no basis for this argument. Further, they argue that Maglione Realty was not the “procuring cause” of the sale to Olivieri. However, in view of the terms of the listing agreement signed by the Votri-ans, we regard this as a non-issue.
The real issue here is whether the Votri-ans deferred agreeing to sell their property to Olivieri until after the expiration of the protective period in the listing agreement in order to avoid paying Maglione Realty a broker’s commission. Where there is the slightest doubt about the plaintiff’s opportunity to recover, the court should not enter a final summary judgment. The party opposing a motion for summary judgment is entitled to the benefit of all inferences *1386 reasonably to be drawn from the facts disclosed. U.S. Fire Insurance Co. v. Progressive Casualty. Insurance Co., 362 So.2d 414 (Fla. 2d DCA 1978); Chapman v. Tison, 137 So.2d 605 (Fla. 2d DCA 1962). Consequently, a summary judgment is improper if evidence, even though uncontra-dicted, is susceptible of conflicting inferences that might be lawfully drawn. Osceola County v. Goodman, 276 So.2d 210 (Fla. 4th DCA 1973); Williams v. Davidson, 179 So.2d 387 (Fla. 1st DCA 1965).
The evidence bearing on the issue of whether Olivieri and the Votrians refrained from completing the sale of the property until after expiration of the ninety-day protective period in order to avoid payment of a broker’s commission is susceptible of conflicting inferences. Since the question cannot be conclusively determined from the record, entry of summary judgment was improper.
Reversed.
CAMPBELL and FRANK, JJ., concur.