## SPEECHLY BIRCHAM SOLICITORS v WETMORE
### Case No. 87-22046
Thirteenth Judicial Circuit, Hillsborough County

August 9, 1990

### APPEARANCES OF COUNSEL

**David A. Townsend, Esquire,** for plaintiff.

**J. Stanford Lifsey, Esquire,** for defendant.

### OPINION OF THE COURT

RALPH STEINBERG, Circuit Judge.

*ORDER RE-TRANSFERRING CASE TO COUNTY COURT*

This case came before the court on June 18, 1990, for a trial on the merits. However, immediately prior to commencement of the trial, defendant filed a motion to dismiss for lack of subject matter jurisdiction.

The Plaintiff, Speechly Bircham Solicitors, is an English law firm that performed legal services for Defendant, H. Scott Wetmore, in England during February and March, 1985 and brought this action,

initially in the County Court for Hillsborough County, Florida, on September 5, 1986, demanding a judgment against defendant for unpaid legal services in the amount of 2,809.89 "English pounds", pursuant to a statement rendered August 29, 1985. On those dates, the exchange rate between the British pound and the United States dollar was virtually at parity, making the claim within the $5,000 jurisdictional limit of the county court.

On November 30, 1987, pursuant to stipulation of counsel for the parties, an order was entered in the county court granting plaintiff leave to file an amended complaint and transferring the case to the circuit court. Accordingly, the amended complaint was filed and the case was transferred to this court on December 10, 1987. The amendment increased plaintiff's claim to 3,809.89 "English pounds". The transfer to the circuit court was attributed to a substantial change in the exchange rate between the British pound for the United States dollar at that time, which would make plaintiff's claim in excess of $5,000, the jurisdictional minimum of the circuit court.

Prior to proceeding with the trial on the merits, this court heard arguments of counsel on the jurisdictional issue.

The defendant took the position that jurisdiction lies in the county court because the claim is for 3,809.89 "English pounds" which, on the date it became payable, had an exchange rate of 3,809.89 United States dollars, a sum less than the jurisdictional limit of the circuit court.

Plaintiff argued that the exchange rate on the date of the filing of the amended complaint, approximately 1.6310, is controlling as to the jurisdictional amount. This would make the claim 6,213.93 United States dollars. The plaintiff further argued that the defendant, having stipulated to the transfer of jurisdiction from the county court to the circuit court, should not be heard to object at this time.

The court reserved ruling on the jurisdictional question to allow counsel time to submit authorities in support of their respective positions but proceeded to receive evidence on the merits of the claim so that a decision could be made if the court determined it had jurisdiction.

The jurisdictional issue presented is:

WHEN A CLAIM SPECIFIES FOREIGN CURRENCY AS THE MEDIUM

OF PAYMENT, HOW DOES THE COURT DETERMINE WHETHER IT HAS

JURISDICTION OVER THE AMOUNT OF MONEY IN CONTROVERSY?

Counsel for the parties have not submitted, and the Court has been unable to find, any authority which directly addresses this issue.

The monetary jurisdiction of a court is determined by the sum, in good faith demanded or actually put into controversy. *Seaboard Airline Ry. v Ray,* 42 So.2d 714 (Fla. 1906); 13 Fla. Jur.2d, Court and Judges, § 94. Ordinarily the amount is stated in United States dollars. However, in this case the sum demanded and put in controversy is expressed in foreign currency. Therefore, it becomes necessary to ascertain the exchange rate of the foreign currency and convert it to United States dollars for a determination of whether the county or circuit court has jurisdiction over the amount in controversy. This would not create a problem if the exchange rate were stationary but it is not. It fluxuates.

What date should be used when applying the exchange rate for foreign currency, the date the obligation became due and payable or the date the claim is placed in litigation by the filing of a complaint? Should fluctuation of the exchange rate during the course of the litigation affect the jurisdiction of the court?

The court finds guidance in Section 673.107(2), Florida Statutes (Uniform Commercial Code) which states:

"A promise or order to pay a sum stated in a foreign currency is for a sum certain in money and, unless a different medium of payment is specified in the instrument, may be satisfied by payment of that number of dollars which the stated foreign currency will purchase at the buying site rate for that currency *on the day on which the instrument is payable* or, if payable on demand, on the day of demand." (emphasis added)

The comments for this section of the Uniform Commercial Code indicate that the purpose of the provision is to avoid uncertainty due to the fluctuation in the exchange rate. Although the claim we are concerned with is not founded on an instrument, the rational for section 673.107(2), Florida Statutes, is analogous and appears to be appropriate for a decision in this case.

Accordingly, the court concludes that the exchange rate of the British pound for the United States dollar on the date a debt becomes due and payable determines the monetary sum in controversy for purposes of the jurisdiction of the court.

The fact that the defendant stipulated to transferring this case from

the county court to the circuit court has no significance. The parties cannot validly stipulate to subject matter jurisdiction. *Gannet v King,* Fla. 108 So.2d 299 (Fla. 2d DCA 1959) and *Clark v Munroe,* 407 So.2d 1036 (Fla. 1st DCA 1981).

For the reasons stated above, the court finds that the claim of the plaintiff, in good faith demanded or actually put into controversy, 3,809.89 "British pounds" due and payable in 1985, is the equivalent of 3,809.89 United States dollars and that, therefore, the subject matter jurisdiction of this claim is in the county court.

The court further determines that defendant's Motion to Dismiss for Lack of Jurisdiction should be treated as a motion to transfer pursuant to Rule 1.060, Florida Rules of Civil Procedure.

It is therefore,

ADJUDGED AND ORDERED that the subject matter jurisdiction of this case is in the County Court for Hillsborough County, Florida and by reason thereof the Clerk of this Court is directed to re-transfer this case to that Court.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida this 9th day of August, 1990.