WARNER, J.,
dissenting.
The plaintiff offered no evidence other than the fact that she slipped on a clear liquid on the floor. She did not offer any information regarding store procedures or indicate the cause of the liquid on the floor. The store manager testified that he had inspected the aisle just ten minutes earlier when he was helping a customer in the same aisle.
Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla.1965), explains the burden of the movant and opposing party on summary judgment:
A movant for a summary judgment has the burden of demonstrating that there is no genuine issue on any material fact. Rule 1.36(c), F.R.C.P., 30 F.S.A. All doubts regarding the existence of an issue are resolved against the movant, and the evidence presented at the hearing plus favorable inferences reasonably justified thereby are liberally construed in favor of the opponent. A summary judgment motion will be defeated if the evidence by affidavit or otherwise demonstrates the existence of a material factual issue. To defeat a motion which is supported by evidence which reveals no genuine issue, it is not sufficient for the opposing party merely to assert that an issue does exist. If the moving party presents evidence to support the claimed non-existence of a material issue, he will be entitled to a summary judgment unless the opposing party comes forward with some evidence which will change the result■ — that is, evidence sufficient to generate an issue on a material fact. Connolly v. Sebeco, Inc., Fla., 89 So.2d 482; Barron and Holtzoff, Federal Practice and Procedure (Wright Edition), Vol. 3, Section 1235. When analyzed in this fashion the summary judgment motion may be categorized as a ‘pre-trial motion for a directed verdict.’ At least it has most of the attributes of a directed verdict motion. Locke v. Stuart, Fla.App., 113 So.2d 402.
The initial burden, therefore, is upon the movant. When he tenders evidence sufficient to support his motion, then the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. The movant, however, does not initially carry the burden of exhausting the evidence pro and con, or even examining all of his opponent’s wit-messes. To fulfill his burden he must offer sufficient admissible evidence to support his claim of the non-existence of a genuine issue. If he fails to do this his motion is lost. If he succeeds, then the opposing party must demonstrate the existence of such an issue either by countervailing facts or justifiable inferences from the facts presented. If he fails in this, he must suffer a summary judgment against him.
175 So.2d at 782-83 (emphasis added).
Of course, where the inferences that may be drawn from the evidence can be construed against the movant, the opponent does not have to supply additional evidence to suggest that a triable issue of fact appears. See, e.g., Osceola County v. Goodman, 276 So.2d 210, 210 (Fla. 4th DCA 1973). However, factual statements in an affidavit must be accepted as true for purposes of a motion for summary judgment. Chapman v. Tison, 137 So.2d 605, 606 (Fla. 2d DCA 1962). There is no law, nor does the majority cite any, to suggest that an uncontradicted affidavit may be disregarded.
*439 What theory of negligence is supported by the affidavits presented? There is none. The affidavits show that the store was regularly inspected, and this particular aisle was inspected and found to be clear ten minutes prior to the fall. This does not constitute negligence. Cf. Winn Dixie Stores, Inc. v. Gaines, 542 So.2d 432 (Fla. 4th DCA 1989) (finding inspection of store floor within thirty minutes of fall was insufficient to demonstrate management had notice of material subsequently found on floor so as to find store owner liable for slip and fall). It was the plaintiffs duty under Harvey Building to present counter-affidavits to suggest contrary facts. If she had information that the store manager was not truthful or his facts were contradicted by other information, she was required to submit it. Otherwise, the court appropriately granted summary judgment. I would affirm.