128 So.2d 4 (1961)
TOWN OF MOUNT DORA, a municipal corporation of Florida, Appellant,
v.
Ellen S. BRYANT, individually and as Executrix of the Estate of James S. Bryant, deceased, Appellee.
No. 1738.
District Court of Appeal of Florida. Second District.
March 15, 1961.
Sanders, McEwan, Schwarz & Mims, Orlando, and Roy Christopher, Mount Dora, for appellant.
Green, Bryant & Simmons, Ocala, for appellee.
WHITE, JACK F., Associate Judge.
The appellant Town of Mount Dora, having suffered summary and final judgment as defendant below in an action for wrongful death, brings this appeal after entry of an order denying its motion for a new trial. The case arose out of a tragic collision between two motor vehicles, one of which was being pursued by a third vehicle driven by a traffic officer of the defendant municipality.
The pleadings and affidavits submitted on motions for summary judgment disclose no appreciable contradiction from a strictly factual standpoint. Vaughn Snell was an auxiliary policeman of the Town of Mount Dora. While on duty as a traffic patrolman on the night of November 29, 1957 he gave chase to an automobile driven by one Larry Gnann through the streets of Mount Dora at excessive speed. Snell was unable to overtake Gnann within the corporate limits of the town and, after signalling another patrol car for assistance, he proceeded to pursue Gnann into the country with the siren and red blinker light of the patrol car in continuous operation. At one point Snell fired four shots into the air in a further attempt to halt the speeding Gnann.
Gnann refused to stop and the chase became a protracted one covering approximately 16 miles within the same county. While driving at speeds up to 100 miles per hour, Gnann swerved from side to side across the width of the road, preventing Officer Snell from pulling alongside. In a further attempt to lose his pursuer Gnann intermittently turned off the headlights of his automobile for short periods of time. It was during one of these blackout periods that a pickup truck driven by James S. Bryant approached from the opposite direction of the pursued Gnann's automobile *5 and the pursuing police cruiser then trailing about 500 feet to the rear. Gnann, travelling at that time on his left side of the road, suddenly turned on the headlights of his automobile and instantly collided headon with the Bryant truck. Both Larry Gnann and James S. Bryant, the respective drivers and sole occupants of the colliding vehicles, were killed.
Thereafter the Town of Mount Dora was sued by Ellen S. Bryant, individually and as executrix of the estate of her deceased husband James S. Bryant, to recover damages for the wrongful death of the said James S. Bryant allegedly attributable to the defendant under the doctrine of respondeat superior. The complaint charged negligent and reckless pursuit by defendant's officer-employee as a proximate contributing cause of plaintiff's damages.
Following a denial of its motion to dismiss the complaint, the defendant municipality filed its answer denying that the pursuit in question was conducted by its officer in a negligent manner and asserting as affirmative defense contributory negligence on the part of plaintiff's decedent James S. Bryant. The plaintiff and defendant each moved for summary judgment and the motions were heard and argued on the pleadings and supporting affidavits of Officer Vaughn Snell, Deputy Sheriff Douglas Sewell and Paul McDonald, a resident of the community of Sorrento.
The summary proceedings developed the factual situation as above outlined except that Paul McDonald's affidavit stated that the defendant's police cruiser was following the fugitive automobile at a distance of approximately 20 feet when the two vehicles passed his place of residence. The parties appear to have made no specific issue as to whether or not Officer Snell had the right in the first instance to continue pursuit beyond the corporate limits of the town.
The then presiding judge, now deceased, denied defendant's motion for summary judgment but granted plaintiff's similar motion and entered summary judgment against the defendant municipality, holding it liable as a matter of law. The case was ultimately tried by jury on the issues of damages alone before Circuit Judge D.R. Smith who had not previously presided in the case. The trial resulted in two verdicts aggregating in excess of $220,000 against the defendant. This appeal was taken consequent upon denial of defendant's motion for a new trial.
There are forty-five assignments of error including several assignments relating to denial of motion for a new trial. Assignments numbered 40, 41 and 42 are, however, the only assignments directed to what we consider the crucial questions presented by this appeal, viz., whether or not the trial court erred in (1) granting the plaintiff's motion for summary judgment and entering judgment against the defendant on the issue of liability and (2) denying the defendant's motion for summary judgment.
The judge who first presided and entered summary judgment against the defendant apparently encountered no difficulty in resolving completely the issue of causative negligence as a matter of law, including such necessary concomitants as reasonable foreseeability and proximate cause. We think that in this instance, however, the able jurist failed to view the proceedings in proper perspective and misapprehended the applicable law.
The rule that summary judgment must be bottomed upon the clear absence of any genuine material issue of fact has been often reiterated, but it is not always easy to apply the simply stated rule to facts that are not so simple even though uncontradicted. It is worthy of constant judicial observance that even where the physical facts are apparently uncontradicted it does not necessarily follow that there is no genuine material issue of factual character for further determination. This is so because in some circumstances uncontradicted facts are susceptible of conflicting factual inferences neither of which should be prejudged *6 unreasonable as a matter of law. In such case the evidence should be submitted to the jury under proper instructions as to the law. See Vihon v. McCormick, Fla.App. 1958, 109 So.2d 400.
It has been held repeatedly that the issue of negligence vel non is not properly determinable on motion for summary judgment where the record suggests factual conflict or presents a situation on which a jury might properly draw conflicting inferences; and any doubt on such motion should be resolved in favor of the party against whom summary judgment is sought. Weber v. Porco, Fla., 100 So.2d 146; Warring v. Winn-Dixie Stores, Inc., Fla.App., 105 So.2d 915; Smith v. City of Daytona Beach, Fla.App. 1960, 121 So.2d 440.
In Smith v. City of Daytona Beach, supra, the Court said at page 442:
"That (trial) court could not in a summary judgment proceeding properly draw its own inference and then regard its conclusion as a question of law for its sole determination."
and at page 443:
"A court which draws its own inferences from among the lawful inferences and enters a summary judgment based thereon, deprives the parties of their right to a trial by a jury, which body is the trier of the facts in actions of this kind, and overlooks the true intent of the modern civil rules governing summary judgments."
In the case before us it was argued with superlative force and skill that the presiding judge drew from the summary proceedings the only possible valid conclusion on the issue of liability and that he properly entered judgment against the defendant. We are not persuaded, however, that in a plenary trial before a jury the evidence could not be amenable to diverse factual inferences properly determinable by such body. We conclude that neither of the motions for summary judgment should have been granted and that the denial of defendant's motion was not error.
With further reference to defendant's motion for summary judgment, it is noted that Florida has receded from the erstwhile rule of non-liability of a municipal corporation for the torts of its police officers. Upon proof of negligence and proximate cause, absent contributory negligence, a municipality may be subjected to liability under the doctrine of respondeat superior for the tort of a police officer while acting within the scope of his employment. Hargrove v. Town of Cocoa Beach, Fla. App., 96 So.2d 130, 60 A.L.R.2d 1193.
The judgments are reversed and the causes remanded with directions for proceedings consistent with the views herein expressed.
Reversed with directions.
ALLEN, C.J., and KANNER, J., concur.