TILLMAN PEARSON, Judge.
The appellant, Robert Robinson, by his complaint against the City of Miami, alleged that he was injured when struck by a golf ball on a City of Miami golf course. It was further alleged that at the time he was struck Robinson was a prisoner of the City of Miami, having been sentenced to jail for a violation of a City Ordinance. He was required to perform labor on the golf course as a part of his punishment. These facts appear without controversy from the record. Robinson suffered a summary final judgment for the defendant. *719 City, and this appeal followed. We reverse upon a holding that the trial court erred in applying the law relative to the notice of claim required by the City Charter, and upon the further holding that there appears to be a genuine issue of material fact as to the negligence alleged.
The following facts while controverted in many instances, are stated in accordance with the rule that upon an appeal of a summary final judgment the record will be viewed in a light favorable to the appellant and against the moving party in the trial court.
Immediately upon receiving the injury claimed Robinson informed the prison guard in charge. After his release from jail he employed an attorney who gave notice of the injury pursuant to a provision of the City Charter requiring notice “within (60) days after the day of receiving the injury alleged * * * with specifications as to the time and place of the injury”.
The City of Miami owns two golf courses. The appellant gave notice that he was injured on one of them. He requested information from the City as to whether this was the correct golf course and the information was refused to him. Thereafter he filed suit. The City moved for a summary judgment based upon the complaint, the answers to interrogatories, and the deposition of the prison guard. The City did not file an answer to the complaint but relied upon its position that the complaint, answers to interrogatories, and the deposition demonstrated that the plaintiff could not make a case.
 It has been previously pointed out that the burden of a defendant who moves for summary judgment before answer is to show that no genuine issue of material fact can be presented. Olin’s v. Avis Rental Car System of Florida, Fla.App. 1958, 105 So.2d 497; Settecasi v. Board of Public Instruction, Fla.App.1963, 156 So.2d 652. The City suggests that there is no issue of fact as to the negligence of the City because the prison guard stated on deposition that the appellant was not working when injured and was slow in returning to the truck when called. It is our view that at best this testimony simply raises an issue of fact as to whether appellant’s conduct proximately contributed to his own injury. We hold that the complaint, affidavits and deposition raised issues of material fact as to the allegations of the City’s negligence. Furthermore, the issue of contributory negligence is ordinarily one for the jury. Beikirch v. City of Jacksonville Beach, Fla.App.1964, 159 So.2d 898.
The appellee City also urges that appellant’s notice to the City is defective because the notice failed to specify the correct golf course. We think it is doubtful that the duty of specifying the place of injury in the notice can be enforced as a prerequisite for bringing an action when the plaintiff is injured while in the custody and control of the defendant, City. But we need not answer that question because we hold the notice is sufficient under the circumstances. It designated the place of the injury sufficiently to identify to those in authority the occurrence out of which it is claimed the injury arose. If it might be said that the City had more than one load of prisoners working on golf courses, it can hardly be said that the records of the City show that the appellant worked on both courses. Even in this unlikely event, the. appellant states that he made an immediate report to the prison guard and the guard’s deposition shows that he made a report to the City of the alleged injury. Under these circumstances we hold that the notice was sufficient. See Rabinowitz v. Town of Bay Harbor Islands, Fla.1965, 178 So.2d 9 [Opinion filed June 30, 1965]; Brooks v. City of Miami, Fla.App.1964, 161 So.2d 675; Finneran v. City of Lake Worth, Fla.App.1963, 152 So.2d 501.
Reversed and remanded.