PER CURIAM.
This is an appeal by the cross-claimant below, City Plumbing Company, from an adverse summary final decree in favor of United Bonding Insurance Company, as surety on a construction bond.
Appellant furnished materials and performed labor under its contract with the Everglades Development Corporation, which corporation was subsequently declared bankrupt and is not a party hereto. Upon default by Everglades, City Plumbing sought recovery under the performance bond written by appellee. Before filing answer to appellant’s cross-claim, appellee moved for and was granted summary judgment.
Appellant’s sole point on appeal is the contention that the granting of a summary judgment was improper, since there exists a genuine issue as to some material fact. We agree and reverse.
The motion does not specify the ground upon which appellee relies as a basis for the granting of a summary judgment, other than the bare assertion that “there are no material issues of fact.” However, appellee’s brief raises the point that § 84.231, Fla.Stat., F.S.A., requires any action against the contractor or against the surety to be commenced within “one year from the performance of the labor or completion of delivery of the materials and supplies”. The only evidence offered in the record on appeal is the deposition of John W. Albury, Corporate Secretary of City Plumbing Company. A thorough examination of his testimony, in the light most favorable to the appellant,[1] reveals that the date upon which performance under the contract was completed by City Plumbing is inconclusive *258 at best. We are of the opinion that ap-pellee failed to carry its burden of proving the non-existence of any issue of material fact.[2]
Reversed and remanded for further proceedings.
BARKDULL, J., dissents.

. Chapman v. Tison, Fla.App.1962, 137 So.2d 605.

. Holl v. Talcott, Fla.1966, 191 So.2d 40; Robinson v. City of Miami, Fla.App.1965, 177 So.2d 718.