253 So.2d 475 (1971)
Rita M. REED, As Mother of Paul Francis Reed, a Minor, Deceased, Appellant,
v.
CITY OF WINTER PARK, Florida, and Insurance Company of North America, Appellees.
Rita M. REED, As Widow of Bernard C. Reed, Deceased, and Rita M. Reed, Individually, Appellant,
v.
CITY OF WINTER PARK, Florida, and Insurance Company of North America, Appellees.
Rita M. REED, As Administratrix of the Estate of Paul Francis Reed, Deceased, Appellant,
v.
CITY OF WINTER PARK, Florida, and Insurance Company of North America, Appellees.
Rita M. REED, As Executrix of the Estate of Bernard C. Reed, Appellant,
v.
CITY OF WINTER PARK, Florida, and Insurance Company of North America, Appellees.
Nos. 70-783 to 70-785 and 70-787.
District Court of Appeal of Florida, Fourth District.
September 28, 1971.
Rehearing Denied November 10, 1971.
*476 Franklin D. McKnight and William L. Eagan, of Arnold, Matheny & Eagan, Orlando, for appellant.
Monroe E. McDonald, of Sanders, McEwan, Mims & McDonald, Orlando, for appellees.
OWEN, Judge.
Appellant's husband, Bernard C. Reed, and her minor son, Paul Francis Reed, were killed when the automobile in which they were riding was struck broadside at an intersection by an automobile driven at an excessive rate of speed by one William Rye, who at the time was being closely pursued by a police vehicle of the City of Winter Park. Appellant brought these actions against the City of Winter Park and its liability insurance carrier, in each of which summary judgment was entered in favor of the defendants. The separate appeals from the respective summary judgments have been consolidated.
At approximately midnight on October 5, 1968, Officer Dan Parker of the Winter Park Police Department was on patrol in a city police vehicle when he received instructions via radio to investigate an automobile accident. En route, he activated his blinker light and siren to give warning of his approach to a vehicle which he was then overtaking. That vehicle, operated by William Rye, instead of pulling over to the side of the street to allow the police vehicle to pass, accelerated and sped away at a high rate of speed. Officer Parker immediately diverted from his assigned investigative task and gave chase to the Rye vehicle. The chase, primarily through residential areas of the City of Winter Park, and ultimately beyond the city limits and into adjoining Seminole County, was conducted at speeds which at times were in excess of 70 miles per hour. During the chase, the blue-flashing light on the police vehicle was operated continuously but the siren was being operated only at or near intersections or whenever Officer Parker observed other traffic. In the early stages of the chase Officer Parker had been able to stay within 150 to 200 feet of the fleeing Rye vehicle, but as the chase continued northward on Lake Howell Road and into adjoining Seminole County, the Rye vehicle began pulling away slightly and Officer Parker then radioed for assistance from the Seminole County Sheriff's Department. As the chase approached the intersection with Howell Branch Road, a heavily travelled through street, Officer Parker realized that the pursued vehicle either would not or could not stop at the intersection. The officer, who at that time was an estimated 100 yards behind the Rye vehicle and 200 yards from the intersection, started braking his own vehicle and at that moment, for the first time, noticed the Reed vehicle entering the intersection westbound on Howell Branch Road. He could see that the collision of the two vehicles was imminent and he immediately turned on the police vehicle's siren in an attempt to warn the Reed vehicle. Officer Parker estimated that he was then approximately 100 yards from the intersection and that the collision between the Rye and Reed vehicles occurred just seconds thereafter.
The trial court, in entering summary judgment for the defendants cited as authority the case of City of Miami v. Horne, Fla. 1967, 198 So.2d 10. We agree that the following principles of law[1] set forth in the cited case are clearly applicable *477 to the instant case. First, the police officer in performing his duty to pursue and attempt to apprehend law violators, may drive at such speeds and take such steps as may be necessary to apprehend the offender, so long as the officer does not exceed proper and rational bounds nor act in a negligent, careless or wanton manner. Second, a police officer in pursuit is entitled to have any alleged negligent conduct on his part determined by a standard of care different from that normally imposed upon individuals, giving due regard to the type of duty which is required to be performed by the officer in the public interest. Third, that in pursuit of an escaping offender, a police officer who operates his vehicle with due care (in light of the standard by which his conduct should be judged) is not responsible for the acts of the pursued offender, although the pursuit may have contributed to the reckless driving of the pursued, since the officer is not obliged to allow him to escape. But while these principles are applicable, they do not justify disposition of these cases by means of summary judgment.
It is to be noted that appellant does not seek to hold the city responsible for the undeniable negligence of Rye even though the pursuit may have contributed to the latter's reckless driving. Nor does appellant claim that the officer's negligence consisted of the mere pursuit of the Rye vehicle. Neither of these theories would have supported a claim of liability against the city. City of Miami v. Horne, supra. The alleged negligence on the part of the city is restricted solely to the manner in which the pursuing vehicle was operated, specifically, the failure of the officer to activate the siren continuously during the pursuit so as to provide to other motorists lawfully on the street a reasonable warning of the approaching high speed chase, i.e., the pursued as well as the pursuing vehicle.
Simply stated, the issue is whether under all of the circumstances of this case due care on the part of Officer Parker (judged by the appropriate standard) would have required him to sound a continuous audible warning by use of the vehicle's siren and loudspeaker during the entire chase, rather than using the audible warning only intermittently. An affirmative determination of that issue would require as a corollary issue, the question of whether the failure to do so was causally related to the collision between the Rye and the Reed vehicles. These are factual issues. Evanoff v. City of St. Petersburg, Fla.App. 1966, 186 So.2d 68; Town of Mt. Dora v. Bryant, Fla.App. 1961, 128 So.2d 4. The inferences which may be reasonably and fairly drawn from the evidence in this case, when considered most favorably to the appellant, preclude disposition of these cases via summary judgment. Although appellees urge that any proof that the Reeds would have heard and heeded the police siren had it been activated continuously merely invites the court to engage in "the wildest kind of speculation", it seems that a determination of that question would be more appropriate upon review of the record after appellant has had an opportunity to present all of her proofs to the trier of fact.
The summary judgment in each of these cases is reversed and the cases severally remanded for further proceedings.
Reversed and remanded.
REED, C.J., and WALDEN, J., concur.
NOTES
[1] We have paraphrased the principles solely for the purpose of reference and not with any intent to redefine them.