PER CURIAM.
On the basis of our review of the briefs, record on appeal and oral argument we are of the opinion that the moving party failed to sustain the burden of proving the nonexistence of genuine triable issues. Holl v. Talcott, Fla.1966, 191 So.2d 40; Robinson v. City of Miami, Fla.App.1965, 177 So.2d 718; Touart v. Gonzalez, Fla.App.1963, 156 So.2d 656; Posey v. Pensacola Tractor and Equipment Company, Fla.App.1962, 138 So.2d 777; Croft v. York, Fla.App. 1971, 244 So.2d 161; Nance v. Ball, Fla. App.1961, 134 So.2d 35. The fact that the depositions and affidavits in support of the movant tend to show a lack of knowledge by those witnesses of any negligence on the part of the defendant, does not in our view meet or overcome the reasonable inferences to be drawn from the nonmoving party’s allegations of negligence in the manufacture, assembly and maintenance of the subject vehicle resulting in the injury alleged.
Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
WALDEN, CROSS and MAGER, JJ„ concur.