NATHAN, Judge.
This is an appeal by the plaintiff, Solomon Schwartz, individually, and as personal representative of Sara Schwartz, from a summary final judgment in favor of the defendants in an action for damages resulting from an accident which occurred on October 7, 1974, in which Solomon Schwartz was injured, and his wife, Sara Schwartz, was killed.
Defendant, Vincent Grande, was the owner of the automobile which struck the plaintiff and his wife, who were pedestrians crossing the street at an intersection with a green traffic signal. American Home Assurance Company was Grande’s liability in *269 surer and a third defendant, one Jimmie Johnson, was the operator of Grande’s vehicle at the time of the accident. It appears that on the evening of the accident, Grande parked his car in front of a bar and left it unattended with the doors unlocked, a package containing beer and cheese on the back seat and an ignition key in the glove box. While Grande was in the bar, Johnson entered the car, found and utilized the key and proceeded to drive for a few blocks when he struck the Schwartzes, injuring the husband and killing the wife.
The complaint alleged negligence on the part of Johnson and liability on the part of Grande and his insurer, American Home Assurance Company, on the basis of negligence as well as vicarious liability as owner of the vehicle. The answer of defendants Grande and American Home Assurance Company denied liability on the theory of intervening cause. The trial court granted the motion of Grande and American Home Assurance Company for summary final judgment, and this appeal ensued.[1]
The plaintiff contends that Grande, the owner of the car, is liable for damage resulting from negligent operation of the car by a third person stranger where the car was parked unattended with the doors unlocked, cheese and beer on the back seat and an ignition key in the glove box. We do not agree. The principle applied in Florida is that as a general rule, an intervening criminal act breaks the chain of causation. Therefore, the original negligence of Grande was not the proximate cause of the damages resulting from the intervening criminal act. Lingefelt v. Hammer, Fla.App.1960, 125 So.2d 325; Bryant v. Atlantic Car Rental, Inc., Fla. App.1961, 127 So.2d 910. Even though a person may be guilty of negligent acts or omissions, there can be no recovery for damages which were not a reasonably foreseeable consequence of the negligence. To be foreseeable, the negligence must be such that a person, by prudent human foresight, can anticipate that the damages will likely result from the negligence. Cone v. Inter County Telephone & Telegraph Company, Fla.1949, 40 So.2d 148. We conclude that the record reveals no reasonable basis upon which a jury could find that the plaintiff’s damages were proximately caused by Grande’s negligence or were reasonably foreseeable by him. Compare Moser v. Semenza, Fla.App. 1965, 177 So.2d 880. Moreover, since the key was located in the glove box and not in the ignition switch, no violation of any municipal or county ordinance or state statute has been demonstrated. We regard the question involved in this case to be of such importance that we have certified to the Supreme Court of Florida a similar decision in the case of Vining v. Avis Rent-A-Car, Fla. App.1976, 330 So.2d 550.
The summary final judgment in favor of the defendants is affirmed.

. The judgment purports to be in favor of “the defendants.” We are unable to ascertain from the record whether the third party defendant, Johnson, was ever served or participated in the action.