PER CURIAM.
Appellants/defendants appeal a summary final judgment entered in favor of appel-lee/plaintiff, which construed the obligations of the parties under a security agreement and two promissory notes. We reverse.
The two notes, which we identify as note number one and number two, were made in connection with a transaction involving the purchase and sale of certain real property, to-wit: Belle Plaza Apartments, and were in the amounts of $1,800,000 and $400,000, respectively. The issue involved in the litigation in the trial court was whether or not promissory note number two could be prepaid without the necessity of prior full satisfaction of note number one.
It was appellee’s view that under the terms of the notes, it could prepay the $400,000 and receive a discount in the amount of $250,000 without having to first pay the $1,800,000 note. In accordance with this view, appellee tendered payment in the amount of $150,000 to appellants. The tender was, however, refused and an action for declaratory judgment was thereafter instituted by appellee. The complaint sought a judicial determination of the various provisions of the security agreement and notes favorable to appellee’s contention. Appellants subsequently answered the complaint and interposed a counterclaim.
A pretrial conference was held by the court in preparation for a non-jury trial. The court, after discussing the issues with counsel for the parties and upon consideration of the various pleadings and exhibits, on its own motion, dismissed appellants’ counterclaim and granted a summary final judgment in favor of appellee on its complaint for declaratory judgment. In so ruling, the court held that appellee was entitled to discount the $400,000 second note without the necessity of prepayment in full of note number one, in the principal amount of $1,800,000. It is from the summary final judgment that appellants have appealed.
It is appellants’ contention that the pleadings, depositions, admissions and exhibits demonstrate that there are issues of fact yet to be decided precluding the entrance of summary judgment. In addition, appellants contend that the court erred in dismissing appellants’ counterclaim. We find merit in these contentions.
There was conflicting testimony before the court as to the meaning of the provision relating to the discount in the note and security agreement. Appellee was evidently in some doubt as to its rights under the notes and security agreement when it brought action for declaratory judgment. Appellants’ answer and counterclaim put in issue the material allegations of the complaint.
On appeal from a summary final judgment, the appellant is entitled to have the record viewed in a light most favorable to him with every reasonable inference of fact and intendment of testimony being indulged in his favor and against the movant for summary judgment. Robinson v. City of Miami, 177 So.2d 718 (Fla. 3d DCA 1965); Westinghouse Electric Supply Company v. Midway Shopping Mall, Inc., 277 So.2d 809 (Fla. 3d DCA 1973). The burden is thereupon placed upon the movant to conclusively show the non-existence of genuine issues of material fact. Brandeis v. Felcher, 211 So.2d 606 (Fla. 3d DCA 1968).
We have carefully considered the record on appeal and have concluded that there were material issues of fact to be determined and that appellee was not entitled to a summary judgment. In addition, appellee was not entitled to a dismissal of appellants’ counterclaim. Therefore, for the reasons stated, the summary final judgment is reversed and the cause remanded for further consideration of the issues raised in the complaint and counterclaim.
Reversed and remanded for further proceedings.