360 So.2d 383 (1978)
Solomon SCHWARTZ, As Personal Representative of Sara Schwartz, and Solomon Schwartz, Individually, Petitioner,
v.
AMERICAN HOME ASSURANCE COMPANY, a Foreign Corporation, and Vincent Grande, Respondents.
No. 49998.
Supreme Court of Florida.
May 4, 1978.
Rehearing Denied July 25, 1978.
*384 Stuart R. Silver, of Jay Dermer Law Offices, Miami Beach, for petitioner.
Donald W. Hardeman, Jr., of Corlett, Merritt, Killian & Sikes, and Marc Cooper, of Greene & Cooper, Miami, for respondents.
SUNDBERG, Justice.
By petition for writ of certiorari, petitioner seeks review of a decision of the District Court of Appeal, Third District, reported at 334 So.2d 268 (Fla. 3d DCA 1976), which is in conflict with our recent opinion in Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977). Both Vining and the instant case present the issue of whether the owner of an automobile who leaves it unlocked with the key inside is liable for the conduct of a thief who steals the car and subsequently injures someone while negligently operating the stolen vehicle. However, unlike the Vining case, where the owner of the car left the key in the ignition in violation of Section 316.097, Florida Statutes (1975), and in an area which had an extremely high incidence of auto theft, the respondent herein left the keys to his automobile in the glove compartment when he parked it in front of a bar which he was frequenting. In Vining, this Court found that whether the owner of the car was liable for the later actions of the criminal depended on whether a reasonable man could foresee the theft of the automobile under the particular circumstances and further foresee the increased danger of injury to the general public should such a theft occur. If reasonable men could differ as to the determination of these questions, then the Vining Court found that the jury was empowered to ultimately resolve these issues. Conversely, in the instant cause, the District Court of Appeal, Third District, affirmed the order of the trial judge granting defendants' motion for summary judgment on the theory that an intervening criminal act breaks the chain of causation. Consequently, jurisdiction vests in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
The facts as stated by the District Court of Appeal, Third District, are as follows:
Defendant, Vincent Grande, was the owner of the automobile which struck the plaintiff and his wife, who were pedestrians crossing the street at an intersection with a green traffic signal. American Home Assurance Company was Grande's liability insurer and a third defendant, one Jimmie Johnson, was the operator of Grande's vehicle at the time of the accident. It appears that on the evening of the accident, Grande parked his car in front of a bar and left it unattended with the doors unlocked, a package containing beer and cheese on the back seat and an ignition key in the glove box. While Grande was in the bar, Johnson entered the car, found and utilized the key and proceeded to drive for a few blocks when he struck the Schwartzes, injuring the husband and killing the wife.
The complaint alleged negligence on the part of Johnson and liability on the part of Grande and his insurer, American Home Assurance Company, on the basis of negligence as well as vicarious liability as owner of the vehicle. The answer of defendants Grande and American Home Assurance Company denied liability on the theory of intervening cause. The trial court granted the motion of Grande and American Home Assurance Company for summary final judgment, and this appeal ensued. (Footnote omitted)
334 So.2d at 268-269.
The District Court of Appeal, Third District, found that the owner of the automobile was not responsible for damage resulting from negligent operation of the car by a third person because "the principle applied in Florida is that as a general rule, an intervening criminal act breaks the chain of causation. Therefore, the original negligence of [the owner] was not the proximate cause of the damages resulting from the *385 intervening criminal act." 334 So.2d at 269. In its decision, the court noted that it had previously certified Vining v. Avis Rent-A-Car Systems, Inc., supra, to this Court as a question of great public interest.
In Vining, this Court stated that in "key-in-the-ignition" cases, if the intervening criminal act is foreseeable, the chain of causation is not broken, thereby divesting the owner of responsibility for the subsequent negligence of the criminal. Thus, if reasonable men might differ, the determination of foreseeability should rest with the jury. Accordingly, the original negligence of the owner of the automobile may be the proximate cause of the damages sustained. Approving the reasoning of a decision from the New Jersey Superior Court which Court determined a similar issue, we held:
In Zinck v. Whela, [120 N.J. Super. 432, 294 A.2d 727, 734 (App.Div. 1972)], the New Jersey Superior Court reasoned that the key to duty, negligence and proximate cause when keys are left in an unlocked motor vehicle is the foreseeability to a reasonable man of an unreasonable danger presented to other motorists. If the danger is foreseeable, then
"[A] duty arises toward the members of the public using the highways, its breach is negligence, and the injury is the proximate result of the breach, or so a jury should be permitted to find."
In the instant case, petitioner's amended complaint alleged that respondent left his car unlocked and unattended in an area containing numerous lounges which were frequented by many different kinds of people. Furthermore, the petitioner alleged that the owner left food and alcoholic beverages inside his automobile within view of a passerby while leaving the keys in an open glove compartment. In light of these facts alleged by petitioner and in view of our holding in Vining, we conclude there exists a genuine issue of material fact both as to whether a reasonable person would have foreseen the theft of an automobile under the circumstances presented herein and also the resulting danger to the public inuring from such theft. Consequently, respondents' motion for summary judgment was erroneously granted as respondents were not entitled to judgment as a matter of law.
Accordingly, the decision of the District Court of Appeal, Third District, is quashed, and this cause is remanded to that court for disposition not inconsistent with this opinion.
It is so ordered.
ADKINS, BOYD and HATCHETT, JJ., concur.
OVERTON, C.J., dissents.