406 So.2d 483 (1981)
Stavros Samuel SINTROS and Lurline Sintros, His Wife, Appellants,
v.
Robert C. LaVALLE, et al., Appellees.
AVIS RENT-A-CAR SYSTEMS, INC., et al., Appellants,
v.
Sergeant Lawrence KERLY, et al., Appellees.
Nos. 80-946, 80-1008.
District Court of Appeal of Florida, Fifth District.
October 14, 1981.
Rehearing Denied December 3, 1981.
Ronald S. Webster of Whittaker, Pyle, Stump & Webster, P.A., Orlando, for appellants Sintros.
E. Peyton Hodges of Gosney, Cameron, Parsons & Marriott, P.A., Daytona Beach, for appellants Avis Rent-A-Car Systems, et al.
*484 Daniel E. Eckert, Asst. County Atty., DeLand, for appellees County of Volusia, Deputy Matusick, Corporal Mason, and Lieutenant Allen.
COWART, Judge.
Appellant, Stavros Sintros, was injured when the vehicle he occupied was struck in an accident caused by a vehicle owned by appellant Avis Rent-A-Car Systems, Inc., and operated by appellee LaValle. At the time of the accident, LaValle was being chased by a traffic control police officer of the sheriff's department of the appellee Volusia County. Appellants'[1] second amended complaint against LaValle, Avis and Volusia County and Avis' third party complaint against Volusia County both allege that Volusia County's police officers were negligent in many enumerated aspects in and while pursuing LaValle under the circumstances and that such negligence contributed to, or caused, appellants' injuries. The trial court dismissed both complaints as to Volusia County without specifying reasons. Since a cause of action against governmental agencies for the negligence of police officers under the circumstances well pleaded in both complaints has been recognized[2] in Florida, and because of arguments made in support of the motions to dismiss and to strike the complaints, appellants assumed that the complaint was dismissed because the trial court held as a matter of law that the decision to pursue, and the manner in which it was done, were "planning or discretionary level" matters rather than "operational level" functions; the result being Volusia County had sovereign immunity from tort liability under Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), notwithstanding section 768.28(1), Florida Statutes (1979). We likewise assume that was the basis for the dismissals and reverse.
Without sophistry we hold that, without regard to the "planning or discretionary" level of the reason for the activity, the operation of a motor vehicle by a governmental employee within the scope of his governmental employment is an "operational level" activity and that a complaint properly alleging that such activity was negligently performed and that such negligence was the legal cause of plaintiff's injuries states a cause of action for compensatory damages against a governmental agency as against the argument of sovereign immunity.
The order dismissing the second amended complaint and Avis' third party complaint is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
FRANK D. UPCHURCH and SHARP, JJ., concur.
NOTES
[1] Mr. Sintros was joined by his wife, who asserts a claim for loss of consortium.
[2] City of Miami v. Horne, 198 So.2d 10 (Fla. 1967); Reed v. City of Winter Park, 253 So.2d 475 (Fla. 4th DCA 1971); Evanoff v. City of St. Petersburg, 186 So.2d 68 (Fla. 2d DCA 1966); Town of Mt. Dora v. Bryant, 128 So.2d 4 (Fla. 2d DCA 1961).