535 So.2d 615 (1988)
Dean Ross PUTNAM, etc., et al., Appellants,
v.
EATON CONSTRUCTION COMPANY, etc., et al., Appellees.
Nos. 88-313, 88-382.
District Court of Appeal of Florida, Fifth District.
December 8, 1988.
Rehearing Denied January 6, 1989.
*616 Larry Klein, of Klein & Beranek, P.A., West Palm Beach, and Lytal & Reiter, P.A., West Palm Beach, for appellant Ronald G. Edwards.
James O. Driscoll, of James O. Driscoll, P.A., Orlando, for appellees Eaton Const. Co., and Advanced Building Erectors, Inc.
Paul B. Irvin, of Troutman, Williams, Irvin, Green & Troutman, P.A., Winter Park, for appellant Dean Ross Putnam.
Jeffrey M. Fleming, of Rogers & Dowling, P.A., Orlando, for appellee William L. Reteneller, Jr.
SHARP, Chief Judge.
Appellants (the surviving families of Dixie Putnam and Delores Edwards) appeal from an adverse summary judgment in their wrongful death suits against Reteneller, (driver of a vehicle engaged in a highspeed chase of a stolen car), Eaton Construction Company, and Advanced Building Erectors, Inc. (Reteneller's employers and owners of the pursuit vehicle). We must view the record and all inferences in a light most favorable to the appellants. Landers v. Milton, 370 So.2d 368 (Fla. 1979); Rautbord v. Industrial Avenue Realties, Ltd., 356 So.2d 1289, 1290 (Fla. 3d DCA 1978); Purifoy v. Burlingame, 313 So.2d 424 (Fla. 1st DCA 1975). Here, there appears to be sufficient controverted facts and circumstances *617 to merit submission of the case to a jury. Burroughs Corporation v. American Druggists Insurance Company, 450 So.2d 540 (Fla.2d DCA 1984); McCabe, Jr. v. Walt Disney World Co., 350 So.2d 814 (Fla. 4th DCA 1977).
The record, read most favorably to the appellants,[1] establishes that Reteneller and a co-worker, Brown, were at work on appellees' job at a construction site. Brown noticed a man (later identified as Davis) slowly driving away in the blue 1974 Camaro Brown was using. Brown had left the keys in the ignition. Brown yelled at Davis to stop. Seeing what was happening, Reteneller ran to his foreman and told him. Then he took his employer's pickup truck, which was also parked with keys in the ignition, and began his pursuit of Davis.
At first Davis drove cautiously, to avoid drawing attention to himself. Reteneller caught up with the Camaro and pulled up beside it. Davis claimed Reteneller screamed at him and threatened him with some sort of weapon held in his hand. Davis floored the car, and the chase began.
The vehicles exceeded 85 miles per hour several miles down the Orange Blossom Trail in metropolitan Orlando, a densely trafficked area. At one point, Davis eluded Reteneller and hid behind a bus barn. When Reteneller found him, Davis again streaked off. Reteneller resumed the chase in his truck, but lost sight of the Camaro.
In an affidavit, Davis swore he was attempting to elude Reteneller once more. He drove fast into a curve in the road. The truck disappeared. Davis was looking in the rear view mirror to see if the truck was behind him. He tried to turn left at an intersection but lost control of the car, and collided with the vehicle containing Putnam and Edwards. Both women were killed.
It appears to us that the Florida cases concerning police chases of motorists are controlling. Unlike a police officer, Reteneller had no duty to engage in a chase of Davis. However, even if he was attempting to make a common-law citizen's arrest,[2] he did not have the right to press the chase in a negligent or reckless manner. Sintros v. Lavalle, 406 So.2d 483 (Fla. 5th DCA 1981).[3] Factors which were established here, which a jury could consider in determining liability, are the speed of the chase, the type of streets it covered, the density of traffic, and threats or other circumstances which put the pursued driver in fear of the pursuing driver. See Reed v. City of Winter Park, 253 So.2d 475 (Fla. 1st DCA 1971); Evanoff v. City of St. Petersburg, 186 So.2d 68 (Fla.2d DCA 1966); Town of Mount Dora v. Bryant, 128 So.2d 4 (Fla.2d DCA 1961). See 4 A.L.R. 4th, 865, Liability of Governmental Unit or its Officers for Injury to Innocent Occupant of Moving Vehicle or for Damage to such Vehicle as Result of Police Chase.
Appellees argue that the highspeed chase had ended at the bus barn. But this appears controverted by some facts in the record. The jury must properly determine here, whether Reteneller should have been on notice that Davis would likely take further drastic steps to avoid apprehension, once he found him. Nor do we agree with appellees that the injuries suffered by Putnam and Edwards were outside the scope of reasonably foreseeable risk of this vehicle chase. Death or severe injury to other motorists or pedestrians using the chase street is, frankly, the most likely result of vehicles moving at high speeds through city streets. To be a foreseeable consequence of a reckless *618 chase, it is not necessary that the pursuing driver be able to foresee the exact manner in which an accident occurred. It is only necessary to show that such an injury would likely result in some manner as a consequence of the negligent act. Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA), rev. denied, 411 So.2d 380 (Fla. 1981).
REVERSED AND REMANDED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] Burroughs Corp. v. American Druggists Ins. Co., 450 So.2d 540 (Fla.2d DCA 1984).
[2] See, e.g., State v. Phoenix, 428 So.2d 262, 265 (Fla. 4th DCA 1982), approved, 455 So.2d 1024 (Fla. 1984); State v. Shipman, 370 So.2d 1195 (Fla. 4th DCA 1979), cert. denied, 381 So.2d 769 (Fla. 1980).
[3] As was stated in Prosser, Law of Torts (4th Ed) at 326:

[W]henever the automobile driver should, as a reasonable man, foresee that his conduct will involve an unreasonable risk of harm to other drivers or pedestrians, he is then under a duty to them to exercise the care of a reasonable man as to what he does or does not do.