548 So.2d 880 (1989)
Elbridge H. MILLER, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, STATE OF FLORIDA, Appellee.
No. 88-257.
District Court of Appeal of Florida, Fifth District.
September 14, 1989.
Richard A. Manzo and Roy A. Praver, of Manzo & Praver, P.A., Titusville, for appellant.
Lee R. Muschott, of Muschott and Raikes, Fort Pierce, for appellee.
SHARP, Judge.
Miller appeals from a summary judgment in favor of the Florida Department of Highway Safety and Motor Vehicles. The judgment was ostensibly based on sovereign immunity under section 768.28 and Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985). We reverse.
Miller sued the Department and other defendants[1] for injuries he received when his vehicle collided with a stolen Florida Highway Patrol vehicle. At the time of the *881 crash, Simon, the driver of the Department's vehicle, was being pursued by state troopers at speeds up to 110 miles per hour, southbound on U.S. 1, in Brevard County. Simon lost control of the car when a local police officer fired shots at him, just north of a road block set up by county and city deputies.
The record is replete with allegations in the amended complaint, depositions, and affidavits sufficient to create a material question of fact as to negligence on the part of the Department for conducting the high speed chase of Simon, directly into a road block which the troopers knew or should have known had been set up by local police deputies. Although Trianon Park was determinative as to Miller's theory of the Department's liability for the conduct which allowed Simon to steal the car in the first place,[2] it does not provide sovereign immunity for damages arising out of a negligently conducted police car chase. In fact, just the opposite was acknowledged by the court in Trianon:
The lack of a common law duty for exercising a discretionary police power function must, however, be distinguished from existing common law duties of care applicable to the same officials or employees in the operation of motor vehicles or the handling of firearms during the course of their employment to enforce compliance with the law. In these latter circumstances there always has been a common law duty of care and the waiver of sovereign immunity now allows actions against all governmental entities for violations of those duties of care. See, e.g., Crawford v. Department of Military Affairs, 412 So.2d 449 (Fla. 5th DCA), rev. denied, 419 So.2d 1196 (Fla. 1982) (negligent operation of vehicle). (emphasis added)
Id. at 920.
Trianon did not change the prior well-established case law regarding police authorities' potential liability for injuries suffered by innocent parties as a result of a negligently conducted police car chase, whether the damages were actually inflicted by the pursued car or the pursuing car. See City of Miami v. Horne, 198 So.2d 10 (Fla. 1967); Sintros v. Lavalle, 406 So.2d 483 (Fla. 5th DCA 1981); Reed v. City of Winter Park, 253 So.2d 475 (Fla. 4th DCA 1971); Evanoff v. City of St. Petersburg, 186 So.2d 68 (Fla. 2d DCA 1966); Town of Mt. Dora v. Bryant, 128 So.2d 4 (Fla. 2d DCA 1961). Cf. Putnam v. Eaton Construction Company, 535 So.2d 615, 617 (Fla. 5th DCA 1988); State, Department of Highway Safety v. Kropff; 491 So.2d 1252, 1255-1256 (Fla. 3d DCA 1986). A police officer's negligent driving during a "police chase" constitutes an operational level activity for which the governmental unit is not immune. Sintros.
Florida courts agree that the question of whether such liability exists is an issue of fact for the jury to decide and thus is not properly resolved by a summary judgment, except where there is no record evidence of lack of due care[3] in the operation of the police vehicle. City of Miami; Reed; Evanoff; Town of Mount Dora. Sufficient evidence exists in this record to preclude summary judgment as to the Department's negligence in the manner of its pursuit of Simon.
The order granting summary judgment is reversed and the cause is remanded for trial.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
DANIEL, C.J., dissents without opinion.
NOTES
[1] Cities of Cocoa, Titusville and the Sheriff of Brevard County.
[2] The trooper, pursuant to Department regulations, left his car engine running and unlocked on the side of Route 50 while he investigated an abandoned vehicle.
[3] In support of the Department, we note that the duty of care imposed upon a police officer engaged in a police car chase is different than that of an individual. These principles are set forth in City of Miami v. Horne, 198 So.2d 10 (Fla. 1967) and Reed v. City of Winter Park, 253 So.2d 475 (Fla. 4th DCA 1971) and do not need to be reiterated here.