ON MOTION FOR REHEARING
COBB, Judge.
We grant the motion for rehearing, withdraw our prior opinion, and substitute the following therefor:
This is the second appeal arising from this" automobile accident. As related in Putnam v. Eaton Const. Co., 535 So.2d 615 (Fla. 5th DCA 1988):
The record, read most favorably to the appellants, establishes that Reteneller and a co-worker, Brown, were at work on appellees’ job at a construction site. Brown noticed a man (later identified as Davis) slowly driving away in the blue 1974 Camaro Brown was using. Brown had left the keys in the ignition. Brown yelled at Davis to stop. Seeing what was happening, Reteneller ran to his foreman and told him. Then he took his employer’s pickup truck, which was also parked with keys in the ignition, and began his pursuit of Davis.
At first Davis drove cautiously, to avoid drawing attention to himself. Re-teneller caught up with the Camaro and pulled up beside it. Davis claimed Reten-eller screamed at him and threatened him with some sort of weapon held in his hand. Davis floored the car, and the chase began.
The vehicles exceeded 85 miles per hour several miles down the Orange Blossom Trail in metropolitan Orlando, a densely trafficked area. At one point, Davis eluded Reteneller and hid behind a bus barn. When Reteneller found him, Davis again streaked off. Reteneller resumed the chase in his truck, but lost sight of the Camaro.
In- an affidavit, Davis swore he was attempting to elude Reteneller once more. He drove fast into a curve in the road. The truck disappeared. Davis was looking in the rear view mirror to see if the truck was behind him. He tried to turn left at an intersection but lost control of the car, and collided with the vehicle containing Putnam and Edwards. Both women were killed. [Footnotes omitted].
*330 Separate actions were filed by the estates of Putnam and Edwards (hereinafter “Putnam/Edwards”), and the actions were consolidated. A jury verdict was returned against four defendants apportioning liability as follows:
Danny Davis a/k/a Danny Stevens 60%
William Reteneller 30%
Eaton Construction Company 5%
Bobby Brown 5%
The pickup truck was owned by Eaton Construction Company and was being operated on the day in question by its project manager, Charles DeMars. The owners of the Camaro, which was being used by Brown on the day of the incident, were not included in the verdict. The award to the Edwards Estate was $1,475,000 and to the Putnam Estate $805,000. The trial court denied Reteneller’s post-trial motions and entered judgment against him. The trial court granted the post-trial motions of Eaton and Brown seeking judgments in accordance with their motions for directed verdict, and final judgment was entered in their favor. Reteneller has appealed, and Putnam/Edwards have cross-appealed the judgment for Eaton and Brown.
We find that there was competent evidence presented to support the jury finding of liability against appellant Reteneller, and there was no error in the denial of his post-trial motions. Hence, we affirm the judgment against him.
The more difficult question is presented by the cross-appeal against Eaton and Brown. At a hearing on the lat-ters’ post-trial motions, the trial court determined that no theory would support recovery against these defendants because of the inapplicability of section 316.1975; Florida Statutes (1989), since the two vehicles were stolen from a private and posted construction site, contrary to the factual situation alleged in Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977). In the seminal case of Vining, the Florida Supreme Court held that the owner of a car, who leaves it unlocked with the key in the ignition in violation of Florida’s Unattended Motor Vehicle statute, which was then section 316.097, Florida Statutes (1975), is liable for the conduct of the thief who steals the car and subsequently injures someone while negligently operating the stolen vehicle.
Insofar as Vining was predicated on a statutory violation, we can agree with the trial judge that it is distinguishable from the instant factual situation because section 316.1975 does not apply to the private construction site involved in this case. Vining, however, was not predicated solely upon the statutory violation but also upon adoption of the case law of several states pertaining to key-in-the-ignition cases, and the majority opinion of Justice Adkins specifically endorsed the view explicated in Zinck v. Whelan, 120 N.J.Super. 432, 294 A.2d 727 (App.Div.1972). The court wrote:
In Zinck v. Whalen, [sic] supra [294 A.2d] at 734, the New Jersey Superior Court reasoned that the key to duty, negligence and proximate cause when keys are left in an unlocked motor vehicle is the foreseeability to a reasonable man of an unreasonable danger presented to other motorists. If the danger is foreseeable, then
“[A] duty arises toward the members of the public using the highways, its breach is negligence, and the injury is the proximate result of the breach, or so a jury should be permitted to find.”
Vining at 55.
After discussing the applicability of section 316.097 as “additional support” for its position, the Florida Supreme Court, in quashing the decision of the District Court of Appeal and reversing the trial court’s dismissal of the complaint for failure to state a cause of action, concluded:
The key to proximate cause is foreseeability. In light of the facts alleged by plaintiff, it could be said that a reasonable man should foresee the theft of an automobile left unattended with the keys in the ignition in a high crime area. Also, a reasonable man could foresee the increased danger of injury to the general public using the highways should such a theft occur. The owner of a dangerous instrumentality must exercise due care *331 to ensure that such a danger does not occur.
... Since reasonable men might differ, the ultimate determination of foreseeability rests with the jury.
Vining at 56.
Since Vining, the Florida Supreme Court has applied the same rationale in a case where a vehicle was left unattended with a key in an open glove compartment. See Schwartz v. American Home Assur. Co., 360 So.2d 383 (Fla.1978). Also, the Florida Supreme Court has implicitly held the rationale of Vining applies when a vehicle is left unattended on private property. Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla.1978). Our prior case of Clark v. Merritt, 480 So.2d 649 (Fla. 5th DCA 1985), rev. denied, 488 So.2d 831 (Fla.1986), is not in point since the facts therein clearly established that the stolen vehicle was not left unattended by the owner.
The crux of the instant case is the question of whether or not the plaintiffs, Putnam/Edwards, submitted a prima facie case for jury consideration on the issue of the reasonable foreseeability of theft in the area where the two vehicles were stolen.
As contended by the appellees Eaton and Brown, there was no evidence adduced below that any vehicles had previously been stolen from this construction site or that it was located in a high crime area, as was the factual situation in Vining. Testimony was adduced at trial from the witness Charles DeMars that there were day laborers on the job site who were transient and unreliable, and that thefts and other criminal activity were common on construction sites. Mel Colman, a former law enforcement officer, testified that construction sites are very vulnerable to theft, particularly in heavily traveled areas such as the instant location. This testimony is analogous to the factual situation alleged in Schwartz, where the car was left in an area containing numerous lounges which were frequented by many different kinds of people. As in Schwartz, a factual issue was created requiring resolution by a jury.
Based on the precedents of Vining and Schwartz, we believe that the trial court erred in granting the motions of Eaton and Brown for directed verdict. Accordingly, the judgments for Eaton and Brown are reversed, and this cause remanded for reinstatement of the jury verdict against those defendants.
AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.