617 So.2d 858 (1993)
EATON CONSTRUCTION COMPANY, Appellant,
v.
Ronald EDWARDS, as Personal Representative of the Estate of Dolores Edwards, Deceased, Appellee.
No. 92-1108.
District Court of Appeal of Florida, Fifth District.
May 7, 1993.
*859 James O. Driscoll, Orlando, and Arthur J. England, Jr. and Steven M. Goldsmith of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for appellant.
Paul Irving of Troutman, Williams, Irvin & Green, P.A., Winter Park, William D. Bowen of Lytal & Reiter, P.A., Larry Klein of Klein & Walsh, P.A., and Jane Kreusler-Walsh, West Palm Beach, for appellee.
DIAMANTIS, Judge.
Eaton Construction Company appeals the denial of its motion for new trial in this wrongful death action brought by appellee Ronald Edwards, as personal representative. Eaton contends that the trial court erred in instructing the jury that a violation of section 316.1975, Florida Statutes (1989), was evidence of negligence because that statute was inapplicable to the facts of this case. We agree and reverse.
This is the third appeal arising from this automobile accident. The facts surrounding the accident were fully set forth in the first appeal:
The record, read most favorably to the appellants, establishes that Reteneller and a co-worker, Brown, were at work on appellees' job at a construction site. Brown noticed a man (later identified as Davis) slowly driving away in the blue 1974 Camaro Brown was using. Brown had left the keys in the ignition. Brown yelled at Davis to stop. Seeing what was happening, Reteneller ran to his foreman and told him. Then he took his employer's pickup truck, which was also parked with keys in the ignition, and began his pursuit of Davis.
At first Davis drove cautiously, to avoid drawing attention to himself. Reteneller caught up with the Camaro and pulled up beside it. Davis claimed Reteneller screamed at him and threatened him with some sort of weapon held in his hand. Davis floored the car, and the chase began.

*860 The vehicles exceeded 85 miles per hour several miles down the Orange Blossom Trail in metropolitan Orlando, a densely trafficked area. At one point, Davis eluded Reteneller and hid behind a bus barn. When Reteneller found him, Davis again streaked off. Reteneller resumed the chase in his truck, but lost sight of the Camaro.
In an affidavit, Davis swore he was attempting to elude Reteneller once more. He drove fast into a curve in the road. The truck disappeared. Davis was looking in the rear view mirror to see if the truck was behind him. He tried to turn left at an intersection but lost control of the car, and collided with the vehicle containing Putnam and Edwards. Both women were killed.
Putnam v. Eaton Construction Co., 535 So.2d 615, 617 (Fla. 5th DCA 1988), (footnotes omitted). In Putnam, we reversed a summary judgment in favor of Eaton Construction and held that there were sufficient controverted facts and circumstances to merit submission of the case to a jury on a theory of negligence regarding Reteneller's high-speed chase of Davis.
Subsequently, in Reteneller v. Putnam, 589 So.2d 328 (Fla. 5th DCA 1991), rev. denied, 599 So.2d 655 (Fla. 1992) we specifically addressed the applicability of section 316.1975, which provides as follows:
316.1975 Unattended motor vehicle.  No person driving or in charge of any motor vehicle except a licensed delivery truck or other delivery vehicle while making deliveries, shall permit it to stand unattended without first stopping the engine, locking the ignition, and removing the key. No vehicle shall be permitted to stand unattended upon any perceptible grade without stopping the engine and effectively setting the brake thereon and turning the front wheels to the curb or side of the street.
In Reteneller, we stated that the trial court correctly held that section 316.1975 was inapplicable to this case because the two vehicles were stolen from a private, posted construction site;[1] however, we reversed the trial court's order granting Eaton's post-trial motion for directed verdict, concluding that Putnam and Edwards had established a prima facie claim for common-law negligence based upon Eaton's leaving the keys in the ignition. We remanded this cause for the trial court to reinstate the jury verdict and to consider the pending motion for new trial.[2]
On remand, the trial court denied Eaton's motion for new trial which alleged that the trial court erred when it instructed the jury that a violation of section 316.1975 was evidence of negligence.[3] Based upon our prior decision in Reteneller, we conclude that it was error to so instruct the jury. Jury instructions must be supported by facts in evidence, and an instruction not founded upon evidence adduced at trial constitutes error. Bessett v. Hackett, 66 So.2d 694 (Fla. 1953). It is reversible error to instruct a jury that violation of a law is evidence of negligence if the statute was inapplicable under the evidence and the improper instruction affected the jury's deliberations by misleading or confusing it. See *861 Strayer v. Johnston, 155 Fla. 791, 21 So.2d 593 (1945); Riley v. Willis, 585 So.2d 1024 (Fla. 5th DCA 1991). See also Morrison Cafeterias Consolidated v. Lee, 215 So.2d 491 (Fla. 1st DCA 1968); Wofford Beach Hotel v. Glass, 170 So.2d 62 (Fla. 3d DCA 1964).
In this case, it is apparent that the challenged instruction affected the jury's verdict. The verdict indicates that the jury found Eaton negligent, but the verdict form fails to specify whether Eaton's negligence arose from Reteneller's negligent operation of Eaton's pickup truck or from Eaton's negligently leaving the truck unattended with the keys in the ignition. The jury also found, however, that Reteneller did not have permission to take the vehicle and engage in the high-speed chase. Thus, the jury must have based Eaton's negligence on Eaton's leaving the pickup truck unattended with the keys in the ignition.[4] The jury instruction concerning section 316.1975, therefore, played a crucial role in the jury's determination that Eaton was negligent.[5]
In Reteneller, we also held that appellee had established a prima facie case of common-law negligence for submission to the jury by showing that Eaton left the pickup truck unattended with the keys in the ignition. See Reteneller v. Putnam, 589 So.2d at 330-331. This holding in Reteneller is consistent with our earlier opinion in Putnam, in which we reversed a summary judgment and held that the case should be submitted to a jury based upon common-law principles of negligence and foresee-ability without any mention of section 316.1975. Putnam v. Eaton Construction Co., 535 So.2d at 617-618.
We hold that the pleadings in this case encompass a common-law negligence action against Eaton for leaving the keys in the vehicle while it was unattended. It is apparent that the parties and the trial court tried this action as a negligence claim so that the facts creating a jury issue of negligence remain and can be weighed by the jury without it considering a violation of section 316.1975 as evidence of negligence. Although a common-law negligence claim for leaving the pickup truck unattended with the keys in the ignition was not expressly pled, this common-law action was tried with either the implied or express consent of the parties.[6] On remand, the trial court shall allow the parties to amend their pleadings, if they desire to do so, for the sole purpose of crystallizing the issues concerning this common-law action without any reference to section 316.1975.
We conclude that the trial court erred when it instructed the jury concerning section 316.1975 and that the trial court further erred when it denied appellant's motion for new trial based upon this erroneous jury instruction. Accordingly, we reverse and remand this cause for a new trial.[7]
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] The private, posted construction site in this case was closed to the public, and section 810.09(2)(d), Florida Statutes (1989), provides that it is a felony for unauthorized persons to willfully enter such property. In Reteneller, we noted that this factual scenario was unlike that described in Vining v. Avis Rent-A-Car Systems, 354 So.2d 54 (Fla. 1977), in which the car was left unattended in an unposted Avis parking lot at the Miami International Airport, which parking lot was open to the public. We also note that in Schwartz v. American Home Insurance Co., 360 So.2d 383 (Fla. 1978), also cited in Reteneller, the car was parked in front of a bar.
[2] We remanded this case for consideration of the pending motion for new trial in an order dated January 8, 1992, which was entered subsequent to our decision in Reteneller v. Putnam, 589 So.2d 328 (Fla. 5th DCA 1991).
[3] The trial court, after it charged the jury on several traffic statutes, including section 316.1975, charged the jury as follows:

Violation of one or more of these statutes is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact together with other facts and circumstances in determining whether such person was negligent.
[4] This conclusion is further supported by the fact that Reteneller was found 30% negligent and Eaton 5% negligent. Davis, who took the Camaro, was found 60% negligent, and Brown, who left the keys in the Camaro, was found 5% negligent.
[5] Because Eaton was found negligent solely on the theory of leaving a vehicle unattended with the keys in the ignition, we reject appellee's assertion that the verdict can be affirmed under the two-issue rule; to hold otherwise would render the jury verdict inconsistent.
[6] Fla.R.Civ.P. 1.190(b).
[7] Appellant also claims that the trial court erred in awarding prejudgment interest from the date of the verdict following our reversal of the directed verdict in favor of Eaton and our remand of this cause for reinstatement of the jury verdict. Because we are reversing and remanding this cause for a new trial, the issue of the propriety of the prejudgment interest award is moot; however, we recognize the applicability of the decisions in Green v. Rety, 616 So.2d 433 (Fla. 1993); Parker v. Brinson Construction Co., 78 So.2d 873 (Fla. 1955); and Skinner v. Ochiltree, 148 Fla. 705, 5 So.2d 605 (1941), regarding the award of prejudgment interest from the date of a jury verdict in a tort action.