DAUKSCH, Judge,
dissenting.
It was alleged and established that appel-lee is the seller of handguns who knowingly allowed a display case to be so defective as to allow ready access to its contents: handguns. One of the handguns stolen as a result of either employee theft or lifted from the defective showcase by an outsider, was the murder weapon which killed plaintiffs decedent. The killer also had two other of appel-lee’s stolen guns in his apartment.
The legal question involves traditional tort law. That is, did appellee breach a duty which was a proximate cause of the death of plaintiffs decedent. It seems to me all sellers of handguns owe an extraordinary duty to the public at large to prevent the theft of their wares. This is because, as Mel Colman, former sheriff of Orange County and a recognized authority on security matters testified, *211 stolen guns are often used in crimes. This is because persons who steal or illegally possess stolen guns are criminals and are thus wont to commit crimes with the guns. Also, persons who are the traceable owners of guns would avoid using them in a calculated crime. The duty of a gunseller to secure his guns from theft is as high, I should say, as that of an automobile owner to secure his car from theft. If a car owner negligently allows his vehicle to be stolen and it causes injury to another then the owner is liable. So should be the seller of handguns, or other guns commonly used for criminal purposes. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54, 55 (Fla.1977); Reteneller v. Putnam, 589 So.2d 328, 330 (Fla. 5th DCA 1991), rev. den., 599 So.2d 655 (1992).
The question of legal duty is one of law for the court to decide while the question of proximate cause is a question of fact for the jury to decide. City of Pinellas Park v. Brown, 604 So.2d 1222, 1228 (Fla.1992); Trouette v. Reynolds, 593 So.2d 1203, 1204 (Fla. 5th DCA 1992). I would hold that appellee had a duty to use a high degree of care to protect against the theft of its handguns. It is up to the jury to decide if a breach of the duty was the proximate cause of the death. Thus, the summary judgment was error.
I would reverse and remand for trial.